COONEY v. LEGG, Administrator of Work Projects Administration for Los Angeles County.

No. 1062Y.

District Court, S. D. California, Central Division.

Aug. 3, 1940.

Allan MacDonald Carson, of Los Angeles, Cal., for plaintiff.

A. L. Wirin, of Los Angeles, Cal., amicus curiae.

Wm. Fleet Palmer, U. S. Atty., and James L. Crawford, Deputy U. S. Atty., both of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

I am of the view that the complaint does not disclose justiciable claim, within the jurisdiction of this court.

The plaintiff is a carpenter. He has been employed by the Works Progress Administration in Los Angeles County, California, under various classifications. The maximum total compensation which he could receive from July 1, 1940, to June 30, 1941, the date to which the Works Progress Administration has been extended, is $1,076.40.

Should he be given the highest classification, his maximum earnings could not exceed $1,138.80 for the period.

The plaintiff states that he is a Communist and that he was dismissed from service because he declined to sign the affidavit required by the Emergency Relief Appropriation Act for the fiscal year 1941, 15 U.S.C.A. §§ 721–728 note. The affidavit demanded of every person receiving employment through the appropriation must state that he is neither a Communist nor a member of a Nazi Bund, and would not become one during the time he is receiving payment from funds appropriated to the Works Progress Administration.

The validity of the enactment presents a question arising under the constitution and laws of the United States. But, absent the jurisdictional minimum—a matter in controversy exceeding three thousand dollars—this court is without jurisdiction. 28 U.S.C.A. § 41(1). Problems of this character are constantly before us. I have treated this double requirement quite often. See Dewar v. Brooks, D.C.Nev., 1936, 16 F.Supp. 636; Allen v. Clark, D.C.Cal., 1938, 22 F.Supp. 898; Neale v. Railroad Commission, D.C.Cal., 1940, 32 F.Supp. 407. See Hague v. Committee for Industrial Organization, 1939, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.

Jurisdiction under the Act of August 24, 1937, 28 U.S.C.A. § 380a, requires

a substantial federal question as well as the jurisdictional minimum. Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Jameson & Co. v. Morgenthau, 1939, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189; and see my opinion in Rok v. Legg, D.C. Cal.1939, 27 F.Supp. 243.

By whatever rule we test the value of the plaintiff's right, it is below the jurisdictional amount.

He has no contract for a definite period with the Works Progress Administration. His employment is on a monthly basis. It may be terminated at any time.

■ But, assume that it is for the whole fiscal year. What detriment has he suffered by the discharge? The same detriment which he would have suffered had he been wrongfully discharged by a private employer to whom he was under contract for a definite period, namely, the wages he might have earned. No one can recover more for the breach of an ordinary contract than he would have received through its performance.

These propositions are incontrovertible. They were, in fact, admitted by counsel for the plaintiff.

■ The argument that injury to his craftsmanship through enforced idleness might be considered, lacks substance. The right involved is the right to be employed at a definite wage. The loss of employment results in one detriment only, loss of the wage. See McNutt v. General Motors Corp., 1936, 298 U.S. 178, 181, 56 S.Ct. 780, 80 L.Ed. 1135. The claimed injury to the plaintiff's skill as a craftsman postulates not only a duty on the part of the government to guarantee employment, but would also impose on it responsibility for remote social consequences in failing to do so.

There is no legal foundation for either assumption. Statism is not a recognized concept of our American political philosophy. The Works Progress Administration is bottomed on relief and is temporary.

There is no assurance of its continuance beyond the current fiscal year. So, we cannot, in order to retain jurisdiction, assume its continued existence or its transformation from a temporary "relief through work" scheme into a new philosophy of State which would turn the Federal Government into an employer on a large scale or into a guarantor of permanent employment.

So that considered in purely legal terms, and in the realm of actualities, the right which the plaintiff asserts is, in terms of money, less than three thousand dollars, exclusive of interest. The court is therefore without jurisdiction.

On the suggestion of lack of such jurisdiction made by the defendant (Rule 12 (h) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c) the court finds that it has no jurisdiction and dismisses the complaint, without leave to amend.