451

LAMBROU v. MINER.
No. 1875.

District Court, N. D. Illinois, E. D.
Dec. 26, 1940.

J. Albert Woll, U. S. Dist. Atty., of Washington, D. C., for plaintiff.

David B. Rothstein, Pearl Hart, and Harold J. Finder, all of Chicago, Ill., for defendant.

HOLLY, District Judge.

Plaintiff alleges in his complaint that he is a citizen of the United States residing in the City of Chicago, County of Cook and State of Illinois; that he was certified for employment, as a needy person, to the Works Projects Administration created under the Emergency Relief Appropriation Act of 1939, 15 U.S.C.A. §§ 721–728, and became regularly employed under said Works Projects Administration, as a laborer.

Said Emergency Relief Appropriation Act for the Fiscal Year 1941, 15 U.S.C.A. §§ 721–728, contained the following provisions:

"15 * * * (f) No alien, no Communist, and no member of any Nazi Bund Organization shall be given employment or continued in employment on any work project prosecuted under the appropriations contained in this joint resolution and no part of the money appropriated in this joint resolution shall be available to pay any person who has not made or who does not make affidavit as to United States citizenship and to the effect that he is not a Communist and not a member of any Nazi Bund Organization, such affidavit to be considered prima facie evidence of such citizenship, and that he is not a Communist, and not a member of any Nazi Bund Organization."

"17 * * * (b) No portion of the appropriation made under this joint resolution shall be used to pay any compensation to any person who advocates, or who is a member of an organization that advocates, the overthrow of the Government of the United States."

It is further alleged that the defendant Charles E. Miner, in June, 1940, acting under said provisions, directed plaintiff to sign an affidavit stating first, that he was a citizen of the United States; second, that he does not and will not advocate or hold membership in any organization that advocates the overthrow of the Government of the United States, and third, "and further, that I am not an alien, nor a Communist, nor a member of any Nazi Bund Organization and that I will not become a Communist nor a member of any Nazi Bund Organization during the time that I am paid from the funds appropriated to the W.P.A."

Plaintiff further avers that he refused to sign this affidavit because he believed it to be an impairment of his constitutional rights; that because he would not sign he was dismissed from employment in June, 1940; that the provisions of the act requir-

ing an employee to make such a statement above set forth is unconstitutional and void and that his discharge was wrongful.

Plaintiff prays that the defendant be perpetually restrained and enjoined from enforcing said provisions of the Emergency Relief Appropriation Act, Fiscal Year 1941, from making or enforcing any rule or regulation requiring plaintiff or any other person similarly situated to make any affidavit or other declaration concerning his creed, political belief or social or political affiliation as a condition to securing employment or continuing to be employed on any project of the Works Projects Administration, from dismissing from employment any person on such project because of his refusal to make an affidavit or other declaration concerning his creed, political belief or political or social affiliations and, from dismissing any person employed on any project of the Works Projects Administration for any answer made in the affidavit, or any declaration made by him concerning his creed, political belief or affiliation.

Plaintiff further prays that defendant may be commanded to restore him to his employment and for general relief.

The defendant has moved to dismiss on the ground that the amount actually involved in the controversy is less than $3,000 and in support of his motion has filed an affidavit in which the wage plaintiff was earning is stated and it is set forth that under the present laws the Works Projects Administration will continue in existence only until June 30, 1941, and that the maximum total compensation that could be paid during that period at the greatest wage paid to any on work relief under said Act in any classification for the period aforesaid would be $1,128.

Counsel for plaintiff has filed an elaborate brief. The principal contentions are three: First, that a public officer who in violation of his duty deprives another of a right, thereby causing him private damage, is liable to damages in an action of tort for all loss and injuries which are the proximate consequences of his misconduct; second, the value of the matter in controversy is not only the loss and injury resulting from the wrongful discharge, but also the value of the *right* to employment and the vindication of that right; and, third, the matter in controversy is not merely that part of the fund appropriated by the act which is being withheld by the

alleged illegal acts and illegal regulation from any one or more of the persons who seek injunctive relief but the whole amount that is being thus withheld from an entire class of persons by such act or regulation.

First. Counsel say that the matter in controversy is not the amount that plaintiff could recover in an action ex contractu but the amount he could recover in a tort action. It is suggested that in such an action plaintiff could recover such damages as would compensate him for all injuries, loss and damages which were the proximate consequence of the wrong doing, including mental suffering and, possibly, exemplary damages. But there is not an allegation in this complaint which would entitle this plaintiff in any form of action to recover any greater amount than a pecuniary loss sustained.

Without stopping to analyze the cases cited by counsel in his brief on this phase of the case, it is sufficient to say that they are all so different in their facts that they do not sustain the contention that on the allegations of his complaint, plaintiff could recover more than merely the wages lost.

Second. As to the argument that plaintiff is entitled to recover something more than his loss of wages on the theory that he is denied the right to employment, I find nothing in the cases cited by counsel which tends to sustain the contention that in this case there has been any violation of a right to employment which entitles plaintiff to recover more than the wages lost. Nord v. Griffin, 7 Cir., 86 F.2d 481, cited by plaintiff, was a case in which the plaintiff had a continuing right of employment through his life. Here the right of employment, if any, terminates June 30, 1941. The right to continue in business in (Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248) is also a continuing right which is indefinite in its extent. The cases cited by plaintiff in which the complaining party recovered substantial damages for wrongful denial to the right to vote do not seem to me to apply here. In Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729, the acts of the defendant were such as to impair the financial credit of the plaintiff, were oppressive and malicious and were such, in my opinion, as to entitle plaintiff to exemplary damages.

Third. The most substantial question raised in the brief of plaintiff is that the

amount involved in the controversy is not merely that part of the fund which is being withheld from plaintiff, but the whole amount which is being withheld from a class of persons. I have examined the cases cited by the respective counsel and have concluded that this case in its facts is governed by the rule laid down in Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

Suits based on similar facts have been filed in the South District of California, Cooney v. Legg, D.C., 34 F.Supp. 531, in the Southern District of New York, Long v. Schmervell,[1] in the Western District of Washington, Coyle v. Smith,[1] and the Eastern District of Pennsylvania, Craighead v. Lynch.[1] In each of these cases the motion of defendant to dismiss for the reason that the amount involved in the controversy was less than $3,000 was sustained.

An order accordingly will be entered December 26, 1940, at 10 o'clock.

---

[1] No opinion for publication.