**BRAGG v. HUFF, General Superintendent, District of Columbia Reformatory, et al.**

No. 4782.

Circuit Court of Appeals, Fourth Circuit.

April 15, 1941.

Albert V. Bryan, of Alexandria, Va. (Howard W. Smith, Jr., of Alexandria, Va., on the brief), for appellant.

Walkley E. Johnson, Asst. U. S. Atty., of Newport News, Va. (Sterling Hutcheson, U. S. Atty., and John V. Cogbill, Asst. U. S. Atty., both of Richmond, Va., on the brief), for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order denying release of a prisoner brought before the Court on writ of habeas corpus. On December 21, 1936, the prisoner was sentenced to a term of from two to three years by the District Court of the United States for the District of Columbia and sent to the Reformatory at Lorton, Virginia, to serve the sentence. During his incarceration at Lorton, he earned 252 days' good conduct time under 18 U.S.C.A. § 710 and 59 days' additional or industrial good time under 18 U.S.C.A. § 744h, making a total of 311 days, and was released on parole on February 12, 1939. On November 4, 1939, the prisoner was arrested on another criminal charge and was convicted and sentenced; and, on November 27th, the Parole Board issued its warrant under 18 U.S.C.A. § 716b for his arrest charging the later

crime as a violation of parole. He asked release on habeas corpus on the ground that the period attributable to the ordinary good time allowance had expired at the time of the issuance of the warrant and that his arrest during the period allocable to industrial good time was not authorized.

The statute providing for the allowance of industrial good time, 18 U.S.C.A. § 744h, is as follows:

"§ 744h. Same; commutation of sentence for good conduct. Sections 710 to 712a, inclusive, of this title, providing for commutation of sentences of United States prisoners for good conduct, shall be applicable to prisoners engaged in any industry, or transferred to any camp established under authority of sections 744b and 744c of this title; and in addition thereto each prisoner, without regard to length of sentence, may, in the discretion of the Attorney General, be allowed, under the same terms and conditions as provided in sections 710 to 712a, inclusive, a deduction from his sentence of not to exceed three days for each month of actual employment in said industry or said camp for the first year or any part thereof, and for any succeeding year or any part thereof not to exceed five days for each month of actual employment in said industry or said camp."

 It is perfectly clear, we think, that the effect of this statute is merely to authorize an additional good time allowance to prisoners engaged in industry or confined in the industrial camps referred to in the statute. The status of the prisoner until the expiration of his sentence was that of a prisoner on parole under the provisions of 18 U.S.C.A. § 716b, which is as follows: "§ 716b. Same; prisoners released with credit for good conduct treated as on parole until expiration of maximum term. Any prisoner who shall have served the term or terms for which he shall after June 29, 1932 be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence; Provided, That this section shall not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

 The argument of appellant is that, since section 744h above quoted provides for a deduction for good conduct from the sentence of the prisoner, Congress in the passage of section 716b must have had in mind merely the good time allowance provided by section 710. It is to be noted, however, that section 710 as well as section 744h provide for good time allowance by deduction from the term of the sentence. Both statutes were in effect at the time of the passage of section 716b; and there is no reason to think that Congress intended that any distinction should be made with respect to the application of the last named section to the deductions which they provide. Especially is this true in view of the fact that the industrial good time allowance of section 744h is granted in the discretion of the Attorney General "in addition" to the good time allowance of section 710 and "under the same terms and conditions". The meaning of the statute is merely that the Attorney General may, in his discretion, allow a larger deduction from sentence to prisoners engaged in industry or confined in industrial camps than is allowed in ordinary cases. In any case, however, the prisoner is subject to arrest for violation of the terms of parole until the expiration of his original sentence. Cf. United States v. Dillard, 4 Cir., 102 F.2d 94; Jarman v. United States, 4 Cir., 92 F.2d 309; United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468.

The order denying the discharge of the prisoner will accordingly be affirmed.

Affirmed.