WIPF v. KING, Warden, Medical Center for Federal Prisoners, Springfield, Mo.

No. 12366.

Circuit Court of Appeals, Eighth Circuit.

Oct. 5, 1942.

Elias M. Wipf, pro se.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal in forma pauperis taken from a judgment of the United States District Court for the Western District of Missouri by which the petition of Elias M. Wipf for the writ of habeas corpus was dismissed and the petitioner was remanded to the custody of the Warden of the Medical Center for Federal Prisoners, Springfield, Missouri. The judgment was arrived at after full hearing in the presence of the petitioner who was represented by counsel, and findings of fact were entered by the court to which no exceptions were taken.

It appears that the petitioner was indicted and convicted in the United States District Court at Sioux Falls, South Dakota, and on October 27, 1934, was sentenced to serve a term of six years in prison. That the petitioner was committed to a United States prison and served his sentence from and after said 27th day of October, 1934 to October 13, 1938, and on said latter date was granted his conditional release from prison. That subsequent to his conditional release the petitioner was arrested for a violation of the terms of his conditional release and was returned to prison on September 23, 1940, and that the petitioner has been serving his sentence since that date. That since the return of the petitioner to prison because of his violation of the terms of his conditional release, the prison authorities have taken away from him all credit for "good conduct" earned prior to his conditional release and have also taken away his credit designated as "industrial good time" which the petitioner had earned by working in prison camps prior to his conditional release; that credit designated as "industrial good time" and earned by prisoners in prison camps must be granted by prison authorities under the same terms and conditions as credit for good behavior and that such credits are not absolute. That the petitioner's term of imprisonment prescribed by the sentence has not expired, and that he is now in the custody of the respondent as Warden of the Medical Center for Federal Prisoners at Springfield, Missouri.

It also appears that the amount of "industrial good time" claimed to have been earned by the petitioner as a prisoner in prison camps was 173 days, and the contention for the appellant is that the action of the prison authorities in taking away from him all credit for the good time designated "industrial good time" was contrary to law and void, and that with such credit for "industrial good time" added to the time he has served his six-year sentence (entered October 27, 1934) has been completed and he is entitled to be discharged under the writ of habeas corpus. The applicable provisions for deductions for "good conduct" from sentences of persons convicted of any offense against the laws of the United States are found in 18 U.S.C.A. § 710, and for "industrial good time" in 18 U.S.C.A. §§ 744a–744h. The

first provides that each prisoner "whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated" as set forth. It is conceded on this appeal that the credit of good time to which the appellant became entitled by reason of his "good conduct" under Section 710 was rightfully taken away from him after his re-arrest upon violation of his parole. Aderhold v. Perry, 5 Cir., 59 F.2d 379.

Section 744h reads: "Sections 710–712a of this title, providing for commutation of sentences of United States prisoners for good conduct, shall be applicable to prisoners engaged in any industry, or transferred to any camp established under authority of sections 744b and 744c of this title; and in addition thereto each prisoner, without regard to length of sentence, may, in the discretion of the Attorney General, be allowed under the same terms and conditions as provided in sections 710–712a a deduction from his sentence of not to exceed three days for each month of actual employment in said industry or said camp for the first year or any part thereof, and for any succeeding year or any part thereof not to exceed five days for each month of actual employment in said industry or said camp."

Appellant's contention is that distinction should be made between the credit allowed to prisoners for their good conduct provided for in section 710 and the so-called "industrial good time" provided for in sections 744a–744h. Conceding that the first is subject to be forfeited for violation of parole, it is urged that the latter is in the nature of an absolute right that has been earned by labor and become vested in the prisoner.

But the statutory provisions relied on do not sustain the contention. The provisions of section 744h are not ambiguous and it is clearly specified therein that credits under the section are to be allowed in the discretion of the Attorney General and only "under the same terms and conditions as provided in sections 710–712a." The allowance of any credit is therefore subject to the fundamental condition that the prisoner's record shall show that "he has faithfully observed all the rules and has not been subjected to punishment."

The precise question raised by appellant was considered by the Fourth Circuit Court of Appeals in Bragg v. Huff, 118 F.2d 1006. We are in accord with the reasoning and conclusion of that decision.

Affirmed.