**HOLLAND v. HIATT.**

No. 138.

District Court, M. D. Pennsylvania.

June 11, 1943.

No appearances by either side.

JOHNSON, District Judge.

The petitioner, Beecher K. Holland, now held in the United States Penitentiary near Lewisburg, in the County of Union, State of Pennsylvania, has presented his petition for a writ of habeas corpus.

The petitioner alleges that he was sentenced upon a plea of guilty of violation of the United States postal laws, in the United States District Court for the Eastern District of Virginia, for a term of three years; that he was released from the aforesaid Penitentiary by conditional release on April 21, 1942, and permitted to go to the State of Virginia, where he was to report to the Probation Officer for the Eastern District of Virginia; that the petitioner violated the conditions of his release by going from the State of Virginia to the State of Maryland, without permission of the Probation Officer, whereupon he was taken into custody as a Parole Violator and returned to the Penitentiary at Lewisburg.

Petitioner further alleges that during his first period of incarceration he earned a total of fifty five days Industrial Good Time and requests that a hearing be held before this court on or before July 1, 1943 to consider his allegation that he is still entitled to his Industrial Good Time and that despite his re-arrest he is still entitled thereto.

The statute providing for the allowance of Industrial Good Time, 18 U.S.C.A. § 744h, is as follows:

"744h. Same; commutation of sentence for good conduct. Sections 710–712a of this title, providing for commutation of sentences of United States prisoners for good conduct, shall be applicable to prisoners engaged in any industry, or transferred to any camp established under authority of sections 744b and 744c of this title; and in addition thereto each prisoner, without regard to length of sentence, may, in the discretion of the Attorney General, be allowed, under the same terms and conditions as provided in sections 710–712a a deduction from his sentence of not to exceed three days for each month of actual employment in said industry or said camp for the first year or any part thereof, and for any succeeding year or any part thereof not to exceed five days for each month of actual employment in said industry or said camp." The effect of this statute is merely to authorize an additional good time allowance to prisoners engaged in industry or confined in the industrial camps referred to in the statute. The status of the prisoner until the expiration of his sentence was that of a prisoner on parole under the provisions of 18 U.S.C.A. § 716b, which is as follows: "716b. Same; prisoners released with credit for good conduct treated as on parole until expiration of maximum term. Any prisoner who shall have served the term or terms for which he shall after June 29, 1932 be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence: Provided, That this section shall not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

Petitioner's contention that he should not be deprived of his Industrial Good Time allowance cannot be sustained. This has been ruled upon in the case of Bragg v. Huff, 4 Cir., 118 F.2d 1006, and the prisoner has lost both ordinary Good Time Allowance and Industrial Good Time Allowance by reason of the violation of his parole.

And now, therefore, the petition for a writ of habeas corpus is hereby dismissed.