## WAYCASTER v. HIATT.

No. 139.

District Court, M. D. Pennsylvania.

June 11, 1943.

No appearances by either side.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus, presented to the court by Paul Harley Waycaster, now a prisoner in the United States Penitentiary, located near the city of Lewisburg, County of Union, and State of Pennsylvania.

The petitioner alleges that he is illegally restrained and his petition sets forth the following facts: That he was sentenced on November 18, 1937 in the United States District Court for the Southern District of

West Virginia, to a term of five years; that on June 16, 1941 he was conditionally released with time earned for good conduct; that on February 16, 1942, the petitioner was arrested and returned to the Lewisburg Federal Penitentiary.

It is the petitioner's contention that his return to the prison as a conditional release violator could not affect the 99 days Industrial Good Time which he had earned in addition to his time earned for good conduct. The petitioner alleges that while he was employed in the penitentiary's industries for a period of two years he earned the sum of $254 in wages and was given the equivalent of $254 as Industrial Good Time and therefore good time having been given instead of full wages that time cannot be taken for a violation of his conditional parole.

That part of the Criminal Code which gives additional Industrial Good Time, Title 18 U.S.C.A. § 744h, reads as follows: "Sections 710-712a of this title, providing for commutation of sentences of United States prisoners for good conduct, shall be applicable to prisoners engaged in any industry, or transferred to any camp established under authority of sections 744b and 744c of this title; and in addition thereto each prisoner, without regard to length of sentence, may, in the discretion of the Attorney General, be allowed, under the same terms and conditions as provided in sections 710-712a a deduction from his sentence of not to exceed three days for each month of actual employment in said industry or said camp for the first year or any part thereof, and for any succeeding year or any part thereof not to exceed five days for each month of actual employment in said industry or said camp."

Section 716b of the same title provides, "Any prisoner who shall have served the term or terms for which he shall after June 29, 1932 be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence: Provided, That this section shall not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

These sections have been interpreted in the case of Bragg v. Huff, 4 Cir., 118 F.2d 1006, which holds that the statute provides that prisoners released with credit for good conduct are to be treated as on parole until expiration of the maximum term, is applicable to both the statute relating to ordinary good time allowance and the statute relating to industrial good time allowance.

The prisoner is subject to arrest for violation of the terms of parole until the expiration of his original sentence.

This petitioner having violated his parole has lost both his Good Time Allowance and his additional Industrial Good Time Allowance.

Now, therefore, the petition of Paul Harley Waycaster for a writ of habeas corpus is hereby dismissed.