## WALD v. HIATT, Warden.
### No. 176.

District Court, M. D. Pennsylvania.

Aug. 26, 1944.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for William H. Hiatt, Warden.

Harry Showalter, of Lewisburg, Pa., for petitioner.

JOHNSON, District Judge.

August Wald, a prisoner in the United States Penitentiary, Lewisburg, within the Middle District of Pennsylvania, has filed a petition for a writ of habeas corpus, alleging that he was serving a three and one-half year sentence on which he was entitled to 294 days statutory good time, which would bring the expiration date to June 1, 1944, and that he was entitled to twenty-six days extra industrial good time, which he contended would make the expiration date as of May 5, 1944. He did not allege that he had any other sentence to serve.

■ At the hearing on the rule to show cause, it appeared that he was originally sentenced to a term of two years, which he served with a deduction of 144 days for statutory good time and was thereupon released on parole under the conditional release statute. 18 U.S.C.A. § 716b. While on parole, he committed a violation of 18 U.S.C.A. § 277 (counterfeiting silver coins) and was sentenced to a term of three and one-half years which is the sentence upon which his petition is based. In the meantime, however, on the basis of this sentence, a warrant was issued by the United States Board of Parole and lodged as a detainer at the penitentiary. Consequently, he was serving the said three and one-half year sentence less good time deduction to be followed immediately by the 144 days remaining under the original sentence.

While serving the three and one-half year sentence, he was assigned for a period to prison industries. Under the provisions of 18 U.S.C.A. § 710, which covers what is commonly designated as statutory good time, he was allowed 294 days statutory good time. He was allowed no good time in connection with the 144 days. This was proper, inasmuch as 18 U.S.C.A. § 719 specifically provides that upon revocation of such a parole the prisoner shall serve the remained of the sentence originally imposed.

Having two sentences in the nature of consecutive sentences to be served, his earliest release date on this computation is October 22, 1944. In any event, there is no merit in his petition. It is quite evident that industrial good time credit was not given to him because he is a conditional release violator under a previous sentence. The petitioner's contention is that because, during this period, he was placed in industries, the industrial good time must be given to him.

■ There is no vested or absolute right in industrial good time which has been earned by the labor of a prisoner. Such credit for good conduct, is properly taken from a prisoner when he is returned to prison for violation of the terms of release.

Wipf v. King, 8 Cir., 131 F.2d 33. Industrial good time, when granted, is subject to the same conditions as statutory good time.

18 U.S.C.A. § 710, with reference to what is commonly designated statutory good time, provides that each prisoner " * * * whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, *shall be entitled* to a deduction from the term of his sentence * * *."

18 U.S.C.A. § 744h, with reference to what is commonly designated industrial good time, provides "in addition thereto each prisoner, without regard to length of sentence, *may,* in the discretion of the Attorney General, be allowed * * * a deduction from his sentence. * * *"

The difference in the language of these two statutes, namely, the difference between the provision that the prisoner "shall be entitled to a deduction" and the provision that he "may, in the discretion of the Attorney General, be allowed" a deduction, is quite apparent. The petitioner cannot therefore in this case complain because the Attorney General in his discretion has seen fit not to allow the industrial good time in his case. The meaning of the statute is merely that the Attorney General may, in his discretion, allow a larger deduction from sentence to prisoners engaged in industry or confined in industrial camps than is allowed in ordinary cases. Bragg v. Huff, 4 Cir., 118 F.2d 1006. The wisdom of the difference in these two provisions is quite apparent. The Warden, in the proper administration of his penitentiary, may of course assign the various prisoners in such a manner as to accomplish the most efficient and satisfactory administration of the institution, and must be in a position to be free to assign a prisoner to any type of occupation which he may deem for the best interests of the institution. The statute clearly shows that the industrial good time was intended as an additional reward for deserving prisoners, and it cannot be said that a prisoner who is serving a sentence for a violation committed while on parole, as in the instant case, with an additional period to serve on the original sentence on revocation of parole, is of that deserving type who should be rewarded by additional industrial good time while employed in industries. On the other hand, under such circumstances, the statute was not intended to hamper the administration of penitentiaries by preventing the assignment of such a prisoner to industries, and the statute therefore wisely provided for discretionary action in connection with the allowance of industrial good time.

The allowance of industrial good time being purely discretionary, the petitioner cannot therefore complain because that discretion was exercised in not allowing him industrial good time instead of allowing it to him.

The petition is dismissed and the writ denied.