**GREER v. SANFORD, Warden.**

**No. 2131.**

District Court, N. D. Georgia,
Atlanta Division.

Sept. 28, 1945.

Guy Fred Greer, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was sentenced on September 25, 1941, in the United States District Court for the Eastern District of Tennessee to a term of two years in the penitentiary on the first count of a three-count indictment, No. 4631, for violation of the internal revenue laws. During the service of this sentence petitioner earned a total of 144 days statutory good time and 20 days industrial good time. He was discharged on conditional release on April 13, 1943.

At the September term, 1943, of the United States District Court for the Eastern District of Tennessee, petitioner was indicted on a two-count indictment, No. 4866, Greenville (which indictment was transferred to Knoxville as criminal No. 14010), the first count charging possession

of non-tax-paid whiskey and the second count charging unlawful concealment of same. On January 17, 1944, he was sentenced to a term of two years on each count, said terms to run concurrently, and was fined $200. Petitioner entered a plea of guilty to the second offense, which offense occurred within the 164-day period of the conditional release under indictment No. 4631. A parole violator warrant was issued on September 23, 1943, but petitioner was not taken into custody thereunder until July 17, 1945, after he had served the sentence imposed under indictment No. 4866 (14010) less statutory and industrial good time. Petitioner was in custody serving the sentence imposed under indictment No. 4866 (14010) from the time the parole violator warrant was issued until same was served on July 17, 1945, on which date he was taken into custody under said warrant to serve the conditional release forfeiture of 164 days, or such portion thereof as is not restored hereafter by the Attorney General.

Petitioner's sole contention in this habeas corpus proceeding is that his industrial good time was illegally forfeited and that, if allowed, the term of his parole expired before the issuance and service of the parole violator warrant.

The forfeiture of industrial good time was under an amendment to the regulations governing the allowance, forfeiture and restoration of good time.

"Parole and Conditional Release Violators. All inmates released on parole or conditional release after February 11, 1937, to whom industrial, farm, or camp good time had previously been allowed and who are returned to imprisonment for violation of parole or conditional release shall serve the remainder of the sentence originally imposed in accordance with the provisions of Section 6 of the Act of June 25, 1910 (36 Stat. 820, 18 U.S.C.A. Section 719.)"

Whether the forfeiture in this case of the industrial good time in question is just or unjust is not for this Court to determine, since the Court is of the opinion that the Attorney General has the power to declare such forfeiture and has in this case done so under 18 U.S.C.A. § 719, as amended May 13, 1930 and June 29, 1940. Morgan v. Aderhold, 5 Cir., 73 F.2d 171; Aderhold v. Perry, 5 Cir., 59 F.2d 379.

See also: Bragg v. Huff, 4 Cir., 118 F.2d 1006; Wipf v. King, 8 Cir., 131 F.2d 33; Wald v. Hiatt, D.C. Pa., 56 F.Supp. 504;

and unreported opinions of this Court as follows: Grady Hall v. Aderhold, Warden, decided August 30, 1935; George Hudson v. Aderhold, Warden, decided December 5, 1935; Jack Shearer v. Sanford, Warden, decided July 17, 1941, affirmed 5 Cir., 115 F.2d 214; Jimmie McBride v. Sanford, Warden, decided April 15, 1942; and Leo Erwin v. Sanford, Warden, decided June 3, 1942.

Whereupon, it is considered, ordered and adjudged that the writ of habeas corpus be, and same is hereby, discharged and petitioner remanded to the custody of respondent.