**HALL v. WELCH.**

No. 6177.

United States Court of Appeals
Fourth Circuit.

Submitted on Briefs Nov. 8, 1950.

Decided Dec. 7, 1950.

William G. Hall, pro se.

George R. Humrickhouse, U. S. Atty., and Robert N. Pollard, Jr., Asst. U. S. Atty., Richmond, Va., on brief, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

This is an appeal from an order denying an application for a writ of habeas corpus. Appellant was convicted of an offense in the District of Columbia and on June 28, 1940, was sentenced to a term of imprisonment of from three to nine years. On July 11, 1946, he was conditionally released from imprisonment because he had to his credit 1073 days of good time allowance. He remained at liberty until October 26, 1948, when he was arrested for violation of the conditions of parole and on November 12, 1948, the Board of Parole of the District of Columbia held that he had violated the conditions of his release and remanded him to serve the remainder of the sentence originally imposed without taking into account the time during which he was under conditional release. This action was entirely in accord with Title 24 of the District of Columbia Code, sec. 206, which provides:

"24—206(6:456). Revocation of parole after retaking—Hearing—New parole.

"When a prisoner has been retaken upon a warrant issued by the Board of Parole, he shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board. At such hearing he may be represented by counsel. The Board may then, or at any time in its discretion terminate the parole or modify the terms and conditions thereof. If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

"In the event a prisoner is confined in, or as a parolee is returned to a penal or correctional institution other than a penal or correctional institution of the District of Columbia, the Board of Parole created by section 723a, Title 18, U.S. Code, shall have and exercise the same power and authority as the Board of Parole of the District of Columbia had the prisoner been confined in or returned to a penal or correctional institution of the District of Columbia. (As amended July 17, 1947, 61 Stat. 379, ch. 263, § 5)."

Appellant does not deny that the action of the Parole Board was authorized by the statute, but contends that Congress could not constitutionally authorize it thus to extend the time of the expiration of the sentence imposed by the trial court; but we think that there is no merit in this contention. To encourage good behavior on the part of convicts and their proper participation in the industries carried on in prisons, Congress has provided that they be given a deduction of sentence for good conduct and be released as though on parole in advance of the expiration of their sentences. See 18 U.S.C.A. §§ 710, and 744h before revision.[1] The statute which grants the good time allowance expressly provides that prisoners accorded it shall be treated as if released on parole. 18 U.S.C.A. § 716b[2]; Bragg v. Huff, 4 Cir., 118 F.2d 1006. This release, however, as in the case of parole, is conditioned on good behavior and the good time allowances are forfeited for breach of condition. Bragg v. Huff, supra, and cases there cited. Upon such breach, the prisoner must serve out the remainder of the term for which he was sentenced, not taking into account the time that he has been at large under the conditional release. Congress has thus delegated to the Parole Board, not the judicial function of imposing punishment for crime, but the duty of administering the plan which the "good time" statutes contemplate.

---

1. 1948 Revised Criminal Code, 18 U.S.C.A. §§ 4161, 4162.

2. 1948 Revised Criminal Code, 18 U.S.C.A. § 4164.

When the Board directs the forfeiture of a good time allowance for breach of condition and the serving out of the original sentence, it does not add to the sentence imposed by the trial judge, but merely treats the service of the remaining portion of the sentence as having been deferred by the release accorded the prisoner. The fact that the term of the sentence is thus extended beyond the date when it would have expired originally is certainly not a matter of which the prisoner can complain; for the extension results from the conditional release which has been accorded him and which he has accepted. The service of that portion of the sentence has merely been deferred by the conditional release. There is manifestly nothing in any of this violative of any provision of the Constitution. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399. The decision in Commonwealth v. Burke, 3 Cir., 170 F.2d 413, from Pennsylvania, upon which appellant relies, is based upon the wording of a Pennsylvania statute and lends no support to the contention that the statute here is unconstitutional or that it should be interpreted as having the same meaning as the statute of Pennsylvania.

A number of other prisoners have sought to make themselves parties to this appeal by sending to the Clerk of this Court written motions and affidavits setting forth the facts and contentions upon which they rely; but no such intervention is provided for in the rules, and manifestly it should not be permitted. The legality of the imprisonment of any prisoner depends upon the record in his individual case; and he may not raise the question of such legality by affidavits and arguments filed in the case of another.

Appellant complains because a court of three judges was not convened to pass upon his petition, which questioned the constitutionality of an act of Congress; but it is perfectly clear that a three-judge court is to be convened only when an injunction to restrain the enforcement of such a statute is asked. 28 U.S.C.A. § 2282.

Affirmed.