## STILWELL v. UNITED STATES MARSHALS OF BALTIMORE, MD., et al.

### No. 6345.

United States Court of Appeals Fourth Circuit.

Argued Nov. 12, 1951.

Decided Nov. 27, 1951.

Harry M. Stilwell, pro se, on brief.

David E. Satterfield, III, Asst. U. S. Atty., Richmond, Va. (George R. Humrickhouse, U. S. Atty., Richmond, Va., on brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and CHESNUT, District Judge.

PER CURIAM.

This is an appeal from an order denying a writ of habeas corpus. Appellant was convicted of crime and sentenced to a term of imprisonment in the District of Columbia. He was conditionally released before the expiration of his term by virtue of being entitled to a good time allowance as provided by statute. 18 U.S.C. § 4161. While subject to the conditions of this "good time" release, he was found guilty of violation of law in the State of Maryland and the conditional release was revoked by the Parole Board on that ground and he was confined in the United States Reformatory at Lorton, Virginia, to serve the remainder of his sentence. On June 20, 1951, he filed a petition for a writ of habeas corpus, which was denied by the District Judge on the authority of Gould v. Sanford, 5 Cir. 167 F.2d 877. On July 12 he filed another petition for the writ, which was denied on the ground that the second petition presented no new ground not presented and determined upon the former petition. The only new ground suggested by appellant is that he named as respondents in his last petition certain persons not named in the first. This does not, of course, present any additional ground for release and the petition was properly denied under the provisions of 28 U.S.C. § 2244. In addition to this, it is perfectly clear that both petitions were entirely without merit. See Bragg v. Huff, 4 Cir., 118 F.2d 1006; Hall v. Welch, 4 Cir., 185 F.2d 525.

Affirmed.