Odis R. VAN BUSKIRK, Appellant,

v.

Fred T. WILKINSON, as Warden of the United States Penitentiary, McNeil Island, Washington, Appellee.

No. 14236.

United States Court of Appeals
Ninth Circuit.

Nov. 8, 1954.

Odis R. Van Buskirk, in pro. per.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before BONE and FEE, Circuit Judges, and DRIVER, District Judge.

DRIVER, District Judge.

Appellant is an inmate of the United States Penitentiary on McNeil Island, Washington. He petitioned the District Court for an injunction restraining respondent Warden from enforcing against him the Act of Congress which provides for conditional release of Federal prisoners, and for a judgment declaring the Act void for repugnance to the Constitution of the United States.[1] He asked that a three-judge court be convened to hear his petition.[2] His claim for relief was based upon the following factual allegations:

On February 4, 1937, appellant was convicted in a United States District Court and was sentenced to imprisonment for a term of fifteen years which he commenced to serve on the same date. He was conditionally released on parole status on November 19, 1945. On September 15, 1950, he was returned to the penitentiary for service of a new sentence of twenty-seven months. On June 21, 1952, the imprisonment portion of the new sentence was terminated and appellant was served with a "Conditional Release Violator's Warrant." He then recommenced service on the original fifteen-year sentence.

On November 8, 1953, appellant had served, in confinement and on parole

1. Title 18 U.S.C.A. § 4164. In pertinent part it reads: "A prisoner having served the term or terms for which he shall have been sentenced after June 29, 1932, less good time deductions, shall upon release be treated as if released on parole, and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced." Appellant's claim of unconstitutionality is based upon application to him of the parole provisions which appear in Section 4205 of Title 18 U.S.C.A. as follows: "A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unex-

pired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

2. Title 28 U.S.C.A. § 2282, provides: "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title." Section 2284 covers the composition and procedure of the three-judge court.

status, a total of fifteen years on his original sentence, not counting the time served upon the new sentence, although he had then served only ten and a fraction years in confinement. He contended that he was entitled to credit for both confinement time and parole time, and that the conditional release statute which required him to serve a second time that part of his sentence served on parole, illegally increased his punishment by enlarging his sentence and violated his constitutional right not to be placed twice in jeopardy for the same offense.

The District Court dismissed the petition without a hearing on the ground that the issues therein raised were without merit. Specifically the court concluded that the petition did not present a substantial Federal question. The present appeal followed.

■ Our first concern must be the jurisdiction of the District Court. Such courts are empowered to hear and determine only such causes as Congress has by statute provided.[3] And, in the words of Judge Stephens, speaking for this court in Royalty Service Corporation v. City of Los Angeles, 9 Cir., 98 F.2d 551, 553, "An appellate federal court must, of its own motion and even against the consent or protest of the parties, satisfy itself not only of its own jurisdiction but also of that of the lower court in a cause under review." (Citing cases.)

■■ The only statutory basis for jurisdiction in the District Court cited by appellant, either in his petition or his brief on appeal, consists of Sections 2282 and 2284 of Title 28 U.S.C.A.[4] The cited sections are not jurisdictional but procedural. They provide that in certain circumstances a District Court must consist of three judges. Necessarily they assume jurisdiction in the court under some other statutory provision.[5] In order for a District Court to have jurisdiction in a case arising under them, there must be both a substantial federal question and the jurisdictional minimum amount in controversy.[6]

■ Appellant petitioned for a declaratory judgment as well as an injunction, it is true, but the Federal Declaratory Judgment Act[7] does not enlarge the jurisdiction of the District Courts. It merely expands their functions in cases or controversies of which they have jurisdiction under other laws.[8]

■ Appellant's petition in the District Court does not contain any allegation whatsoever of any amount in controversy. The omission is fatal if the petition is to be taken for what it purports to be, namely, an application for injunction and declaratory relief in a civil action arising under the Constitution and laws of the United States. Obviously, we think, appellant has mistaken his remedy. It is not necessary for him to seek extraordinary equitable relief or to counter the traditional reluctance of the courts to enjoin criminal prosecutions and the enforcement of penal statutes.[9] He has a plain, direct, and adequate remedy by petition for writ of habeas corpus.[10] It is a speedy remedy, entitled by statute to special, preferen-

3. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329; West Pub. Co. v. McColgan, 9 Cir., 138 F.2d 320, 323, 149 A.L.R. 1094.

4. See footnote 2, supra.

5. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152.

6. Title 28 U.S.C.A. § 1331; Royalty Service Corp. v. City of Los Angeles, 9 Cir., 98 F.2d 551; Cooney v. Legg, D.C., 34 F.Supp. 531; Lambrou v. Miner, D.C., 36 F.Supp. 451; Koster v. Turchi, D.C., 79 F.Supp. 268.

7. Title 28 U.S.C.A., §§ 2201, 2202.

8. Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 323; West Pub. Co. v. McColgan, 9 Cir., 138 F.2d 320, 149 A.L.R. 1094; 1 Barron & Holtzoff, Federal Practice and Procedure, 87.

9. See Beal v. Missouri Pacific R. Co., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; City of Miami v. Sutton, 5 Cir., 181 F.2d 644; Stone v. Christensen, D.C., 36 F.Supp. 739.

10. Title 28 U.S.C.A. § 2241 et seq.

tial consideration to insure expeditious hearing and determination.[11]

Our conclusion that the District Court lacked jurisdiction could well be regarded as determinative of the present case. However, even taking appellant's petition as, in effect, an application for a writ of habeas corpus, we think the judgment of dismissal of the lower court should be affirmed since it appears on the face of the petition that appellant is not entitled to the writ.[12] Appellant's basic contention is that Section 4164 of Title 18 U.S.C.A., as applied to him in the circumstances disclosed by his petition, subjected him to double jeopardy in violation of the Fifth Amendment to the Federal Constitution. The statute, as has been noted,[13] provides that a prisoner conditionally released on account of good time deductions shall be treated as released on parole and shall be subject to all provisions relating to parole until the expiration of the maximum term or terms for which he was sentenced. Section 4205 of the same Title provides that, when a prisoner is retaken for violation of his parole his unexpired term of imprisonment shall commence to run from the date he is returned to confinement and "the time the prisoner was on parole shall not diminish the time he was sentenced to serve." The constitutionality of such statutory conditional release procedure was upheld by this court in Chandler v. Johnston, 9 Cir., 133 F.2d 139, 142, and by other courts in: Story v. Rives, 68 App.D.C. 325, 97 F.2d 182; Dolan v. Swope, 7 Cir., 138 F.2d 301; Voorhees v. Cox, 8 Cir., 140 F.2d 132; Evans v. Hunter, 10 Cir., 162 F.2d 800; Hall v. Welch, 4 Cir., 185 F.2d 525; and O'Neal

v. Fleming, 4 Cir., 201 F.2d 665. Each of the cited cases involved conditional release of a prisoner under the provisions of the same statute which appellant here attacks as unconstitutional.[14]

■ So long as it does not transcend constitutional limitations, such as the prohibition of cruel and unusual punishment, enactment of *ex post facto* laws and the like, Congress has the power to prescribe such punishment as it may see fit for violation of its valid criminal statutes. If the punishment is imprisonment, Congress may specify how and in what manner the imprisonment shall be served. And any curtailment of punishment, such as allowance of time off for good conduct, may be coupled with conditions.

■ When appellant was conditionally released, he became subject to all the provisions of law relating to parole, one of which was that if he violated his parole he should again be taken into custody and the time spent on parole should not diminish the time he was originally sentenced to serve. The allowance of credit for time served outside the penitentiary on parole status was conditioned on continuance of his good behavior. By his own misconduct he breached the condition and forfeited allowance for time served on parole. When he was again taken into custody he began service of the remaining portion of his sentence which had been provisionally deferred. Such added service, under the statutory conditional release plan, was potentially a part of his original sentence and hence did not increase his sentence nor subject him to double jeopardy.[15]

Judgment affirmed.

---

11. Title 28 U.S.C.A. § 2243.

12. Title 28 U.S.C.A. § 2243; Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; Brown v. Johnston, 9 Cir., 91 F.2d 370, 372.

13. See footnote 1, supra.

14. Section 4164 of Title 18 U.S.C.A., prior to the enactment of the Revised Criminal Code of 1948, was Section 716(b) of Title 18. Section 4164 is the same as the prior law, except for minor differences in phraseology.

15. Chandler v. Johnston, 9 Cir., 133 F.2d 139; Dolan v. Swope, 7 Cir., 138 F.2d 301.