**Walter MORNEAU, Appellant,**

v.

**UNITED STATES BOARD OF PAROLE, Appellee.**

**No. 15481.**

United States Court of Appeals Eighth Circuit.

April 6, 1956.

Writ of Certiorari Denied June 4, 1956.

See 76 S.Ct. 1037.

Walter Morneau filed brief pro se.

Roy L. Stephenson, U. S. Atty., and Robert J. Spayde and John C. Stevens, Asst. U. S. Attys., Des Moines, Iowa, filed brief for appellee.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

Walter Morneau on September 16, 1955, while a prisoner in the Iowa State Penitentiary under sentence of a State court of Iowa, filed a petition in the United States District Court for the Southern District of Iowa for a writ of habeas corpus to test the validity of a detainer placed against him by the United States Marshal on February 5, 1953. The detainer was based upon a conditional release violator's warrant issued by a member of the United States Board of Parole on November 24, 1952. The District Court denied the petition for a writ, and Morneau has appealed. There are obvious procedural defects in the proceeding brought by Morneau, but, since the appellee makes no point of them, we shall make none.

The facts were not in dispute. On October 27, 1939, in the United States District Court for the District of Minnesota, Morneau was convicted upon his plea of guilty to an indictment charging him with entering a bank with intent to commit larceny, in violation of what is now § 2113, Title 18, U.S.C., and was sentenced to eighteen years imprisonment. Morneau on November 29, 1950, being entitled to credit for 2100 statutory good time days and 325 industrial good time days, signed a Certificate of Conditional Release which provided that he would be subject to the conditions of the release until October 26, 1957. The Certificate was signed on behalf of the United States Board of Parole on February 5, 1951, and Morneau was conditionally released on March 7, 1951. The Certificate stated that the law provided that he should be treated as though released on parole and should be subject to all provisions of law relating to the parole of United States prisoners.

On or about November 3, 1952, Morneau was arrested in Iowa by State authorities for the State offense of carrying concealed weapons, and, upon his plea of guilty, was, on January 26, 1953, sentenced by an Iowa court to not exceeding five years imprisonment in the Iowa State Penitentiary. On November 24, 1952, a member of the United States Board of Parole issued a parole violator's warrant for the retaking of Morneau. The United States Marshal placed a detainer against him at the Iowa Penitentiary, and on December 7, 1955, executed the warrant by arresting Morneau and committing him to the United States Penitentiary at Leavenworth, Kansas, where he is now confined.

Morneau, in substance, contends that he was not a parolee, that he had actually served the full term of his federal sentence of eighteen years imprisonment at the time he was credited with good time and granted a conditional release, and that he had then earned the good time allowances with which he was credited and could not thereafter be deprived of them.

After his conditional release, Morneau had the status of a parolee for the balance of the duration of the maximum term of his federal sentence. This by virtue of § 4164, Title 18, U.S.C. See Zerbst v. Kidwell, 304 U.S. 359, 360, 58 S.Ct. 872, 82 L.Ed. 1399. After his conditional release, Morneau was subject to recapture in case he violated the conditions of that release, which he unquestionably did. Morneau's parole violation prevented the completion of his federal sentence and continued the authority of the Board over him until his sentence was completed and had expired. Zerbst v. Kidwell, supra, at page 362 of 304 U.S., at page 873 of 58 S.Ct. In Wipf v. King, 8 Cir., 131 F.2d 33, this Court pointed out that credit for good time is subject to forfeiture for a violation of the terms of a conditional release. See also and compare, Bragg v. Huff, 4 Cir., 118 F.2d 1006; Hall v. Welch, 4 Cir., 185 F.2d 525; Stilwell v. United States Marshals of Baltimore, Md., 4 Cir., 192 F.2d 853; Schiffman v. Wilkinson, 9 Cir., 216 F.2d 589; Wald v. Hiatt, D.C.M.D.Pa., 56 F.Supp. 504.

The order appealed from is affirmed.