Chester W. HARTMAN, Plaintiff,

v.

SECRETARY OF the DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.

Civ. A. No. 68–1166.

United States District Court
D. Massachusetts.

Dec. 26, 1968.

As Corrected Jan. 6, 1969.

Daniel Klubock, Boston, Mass., Sanford J. Rosen, School of Law, University of Maryland, Baltimore, Md., Melvin L. Wulf, New York City, Gerald A. Berlin, Boston, Mass., for plaintiff.

No appearance for defendant.

## MEMORANDUM AND ORDER

JULIAN, District Judge.

Plaintiff brought this action seeking a declaratory judgment that he need not sign the loyalty oath required by 5 U.S. C. § 3333 in order to receive compensation from the United States government for consulting services which he allegedly performed for the Department of Housing and Urban Development. He purports to bring this as a class action on behalf of himself and "hundreds of thousands" of other "occasional consultants" presently and prospectively so situated, and he requests that a three-judge district court be convened to decide the case and to enjoin the enforcement of three Acts of Congress for repugnance to the Constitution of the United States.

The three contested statutes, all part of Public Law 89–554, enacted September 6, 1966, are the following:

(1) Title 5, United States Code, section 7311 (80 Stat. 524), which prohibits all persons from accepting or holding a position in the United States government if they advocate or are members of an organization which they know advocates the overthrow of our constitutional form of government, or if they participate in a strike or assert the right to strike against the government or are members of any organization of federal government employees which they know asserts the right to strike against the government.

(2) Title 18, United States Code, section 1918 (80 Stat. 609), which makes violation of 5 U.S.C. § 7311 a misdemeanor punishable by a fine not exceeding $1,000 or imprisonment not exceeding one year and a day, or both; and

(3) Title 5, United States Code, section 3333 (80 Stat. 424), which requires every person accepting office or employment in the United States government to execute within 60 days thereafter an affidavit that his acceptance and holding of such position does not and will not violate 5 U.S.C. § 7311, supra.

The complaint alleges that plaintiff, an Assistant Professor in the Department of City and Regional Planning at Harvard University, attended for one day a meeting in Washington, D. C., in July 1967 as an advisor to the Department of Housing and Urban Development regarding the Model Cities Program. Plaintiff alleges that, pursuant to an agreement between himself and that Department, he is entitled to receive $50 as compensation and to be reimbursed for travel expenses of $60. The complaint alleges that the $110 owed to him has been withheld because plaintiff has refused to execute affidavits containing the loyalty oath. The statutory sections which prohibit his being paid, cited above, are alleged in the complaint to violate the plaintiff's rights under the First and Fifth Amendments to the Constitution.

An injunction restraining the enforcement, operation or execution of any Act of Congress on the ground of unconstitutionality may be issued only by a district court of three judges. 28 U.S.C. § 2282. The scope of the action which may and should be taken by the district judge who initially receives such a case is limited to certain threshold questions. The standards he must follow were defined by the Supreme Court in Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 715, 82 S. Ct. 1294, 1296, 8 L.Ed.2d 794:

"When an application for a statutory three-judge court is addressed to a district court, the [single judge's] inquiry is appropriately limited to determining whether the constitutional

question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute."

One of the requirements of the three-judge statute, 28 U.S.C. § 2282, is, of course, that the district court have jurisdiction to hear the case. The complaint in this case, however, fails to satisfy the jurisdictional requirements of 28 U.S.C. § 1331, which specifies that the amount in controversy, exclusive of interest and costs, must exceed $10,000. That the jurisdictional amount requirement applies to suits brought under 28 U.S.C. § 2282 to enjoin the enforcement of Acts of Congress is well established. Van Buskirk v. Wilkinson, 1954, 9 Cir., 216 F.2d 735, 737; Cooney v. Legg, 1940, D.C.Cal., 34 F.Supp. 531; Lambrou v. Miner, 1940, N.D.Ill., 36 F.Supp. 451 and cases there cited; 1 Moore, Federal Practice 0.98 [3.–1], pp. 872–881 (2d ed. 1964); cf. Jacobs v. Tawes, 1957, 4 Cir., 250 F.2d 611; Reiling v. Lacy, 1950, D.Md. (three-judge court), 93 F.Supp. 462, 466.

In this case, despite the fact that plaintiff's own claim is for $110 only, the complaint contains a formal allegation that the amount in controversy does exceed $10,000 exclusive of interest and costs. That allegation presumably would be sufficient were plaintiff justified in his attempt to aggregate his own claim with the claims of the other members of the class. Assuming, without deciding, that the complaint properly provides the basis for a class action, the description of the class clearly puts this into the category of the so-called "spurious" class action permitted by former Rule 23(a)(3), Fed.R.Civ.Proc., which permits class actions where the character of the rights sought to be enforced are

"several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

As to such classes, however, aggregation of claims is impermissible for purposes of reaching the jurisdictional amount. The claim of each member of the class must be judged separately for that purpose. Alfonso v. Hillsborough County Aviation Authority, 1962, 5 Cir., 308 F. 2d 724; Englander Motors, Inc. v. Ford Motor Company, 1959, 6 Cir., 267 F.2d 11, 15; Central Mexico Light & Power Co. v. Munch, 1940, 2 Cir., 116 F.2d 85, 88; 1 Moore's Federal Practice ¶ 0.98 [1], p. 895 (2d ed. 1964); Wright, Federal Courts § 72, p. 271 (1963) and cases there cited. The 1966 amendment to Rule 23(a) did not alter the principles barring aggregation of claims in cases of this nature.

In view of the foregoing, it appears to a "legal certainty" that plaintiff's claim in this case is "really for less than the jurisdictional amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845. The Court therefore is not bound by the formal allegation in the complaint that the amount in controversy exceeds the jurisdictional amount.

Since the amount in controversy is less than the required amount, the Court lacks jurisdiction. Accordingly, it is ordered that the complaint be dismissed. The dismissal, however, is without prejudice to plaintiff's right, if any he has, to assert his claim under the Tucker Act, 28 U.S.C. § 1346(a)(2).