HICKS v. REID et al.

No. 11152.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 3, 1951.

Decided Jan. 3, 1952.

Samuel Bogorad, Washington, D. C., for appellant.

Lewis A. Carroll, Washington, D. C., with whom Charles M. Irelan, U. S. Atty. at the time the brief was filed, and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief of appellees. George Morris Fay, Washington, D. C., U. S. Atty. at the time the record was filed, also entered an appearance on behalf of appellees.

Before EDGERTON, PROCTOR and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant's petition for a writ of habeas corpus, denied by the District Court, presents this situation. He was sentenced by the United States District Court for the District of Columbia to serve nine to thirteen and one-half years. A federal statute, 18 U.S.C. § 716(b), made his release mandatory at the expiration of the maximum sentence less time off for good behavior. It was pursuant to that statute that he was released on June 19, 1949. But this same statute also conditioned that release as follows:

"Any prisoner who shall have served the term or terms for which he shall hereafter be sentenced, less deductions allowed therefrom for good conduct, *shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United State prisoners until the expiration of the maximum term or terms specified in his sentence.*" [1]

While still subject to the conditions of that release, appellant pleaded guilty to new charges brought against him in the District of Columbia. He was sentenced to serve four to twelve months and has already served the maximum. The District of Columbia Board of Parole considered these charges a violation of the release conditions imposed by § 716(b) and issued a warrant against appellant. The warrant was later placed as a detainer against him at the Washington Asylum and Jail where he was serving his sentence under the new conviction. Appellant has refused the opportunity for hearing before the Board on the revocation of his conditional release. As a result, his confinement is continuing pursuant to the warrant.

Appellant bases his petition for removal of the warrant and for his release upon the fact that § 716(b) required that he "be treated as if released on parole." He draws from this language the inference that, since the District of Columbia parole law [2] in effect when the original criminal acts were committed provided that the period of parole should be measured by the maximum sentence less good-time allowance, he could not be subject to the conditions of the District of Columbia parole laws after his release in 1949, because he had already served his maximum sentence less good-time allowance.

This contention is bottomed on a misconception of the nature of the statute which was the basis for appellant's release. Section 716(b) does not provide that the prisoner shall be released on parole. It provides that until the expiration of his maximum sentence he shall be "treated as if released on parole." The conditional release procedure established by the statute is *sui generis* and is not identical with parole.[3] One is mandatory and is intended as an incentive for good behavior. The other is discretionary and is based upon the probability that a particular offender will not prove socially dangerous upon release. It was pursuant to the federal conditional release statute and not the Dis-

1. 47 Stat. 381 (1932), as amended June 25, 1948, and now embodied in 18 U.S. C. §§ 4163, 4164 (Supp. 1950). (Emphasis supplied.)

2. District of Columbia Code (1940), § 24–204 as originally enacted on July 15, 1932, 47 Stat. 697, and in effect on January 19, 1940, the date appellant was originally sentenced, provided: "That whenever, within the limitations of section 3 of this Act, it shall appear to the Board of Indeterminate Sentence and Parole, * * * that any prisoner serving an indeterminate sentence is fitted * * * for release, * * * said Board * * * may, in its discretion, authorize the release of such prisoner on parole, and he shall be allowed to go on parole * * * and to remain, while on parole, in the legal custody and under the control of the superintendent of the institution from which the prisoner may have been paroled, until the expiration of the maximum of the term or terms specified in his sentence, less such good-time allowance as is, or may hereinafter be, provided by law; and the said board shall in every parole fix the limits of the residence of such person paroled, which limits, however, may be thereafter changed in the discretion of the board."

3. Story v. Rives, 1938, 68 App.D.C. 325, 329, 97 F.2d 182, 186.

trict of Columbia parole law that appellant was set free. The former clearly places him under the parole board's supervision until the maximum sentence (not counting the time off allowed for good behavior) has expired.

Appellant also urges that he is not subject to the conditions placed upon his release because at the time of his release he refused to sign a document setting them forth. The short but complete answer to that argument is that he is without choice in the matter. Section 716(b) not only created the right to release but also imposed conditions thereon. Both are mandatory and neither can be avoided by dissent.

The judgment of the District Court is affirmed.