Clifford L. SINGLETON, Appellant,

v.

Chesley H. LOONEY, Warden, U. S. Penitentiary, Leavenworth, Kansas, Appellee.

No. 4955.

United States Court of Appeals, Tenth Circuit.

Jan. 3, 1955.

Eugene D. Faus, Denver, Colo., for appellant.

Milton P. Beach, Asst. U. S. Atty., Oskaloosa, Kan. (William C. Farmer, U. S. Atty., Wichita, Kan., and Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order discharging an application for a writ of habeas corpus challenging the validity of

petitioner's custody under a conditional release violator's warrant.

Substantially undisputed facts reveal that Appellant was committed on June 27, 1946, to the District of Columbia Reformatory for a term of from eighteen months to five years for violation of Title 18 U.S.C. § 415.[1] On October 11, 1949, having served the maximum sentence imposed, less statutory good time deductions, he was conditionally released with 623 days of the maximum sentence unserved.

When Appellant was asked to sign the certificate of good time release preparatory to his conditional release, he notified the Board of Parole by letter that he did not voluntarily consent to the imposition of the conditions of release, except as they were within the purview of the Thirteenth Amendment to the U. S. Constitution; that he did not consent to the interruption of the orderly process of his sentence; and that he did not agree to the conditions of his release under which he would be required to serve the remainder of his sentence upon violation of his release without credit for the time during which he was conditionally released.

The Board of Parole acknowledged this protest but advised Appellant that the Board would apply the same conditions to his release as in all other good-time release cases.

On March 23, 1951, the District of Columbia Board of Parole, upon information that Appellant had violated the terms of his conditional release, issued a warrant for his arrest. Thereafter, on December 28, 1951, Appellant was committed to the United States Penitentiary at Leavenworth, Kansas, for two years and six months on other offenses. When he had completed serving this sentence, he was immediately arrested under the Parole Board warrant and remanded to the custody of the Appellee on November 26, 1953, to serve the unexpired sentence of 623 days on the first commitment.

Appellant contests the constitutionality of his incarceration asserting that not having consented to the conditions of his release he is not bound thereby and must therefore be given credit for the time during which he was at liberty on parole. He denies the constitutional power of the Parole Board to deny him statutory credit under protest.

We agree with the trial court's conclusion that under applicable law Appellant must serve the 623 days remaining on his maximum original sentence without diminution upon violation of the conditions of his release; and that the pertinent statutes establishing the authority of the Board of Parole to incarcerate Appellant are constitutional.

Title 18 U.S.C. § 4163 provides for mandatory release of a prisoner at the expiration of his term less time deducted for good conduct. The right to good-time deductions is a privilege bestowed by the legislature which neither the executive nor the judicial branch of the government is empowered to take away except for good cause. Chandler v. Johnston, 9 Cir., 133 F.2d 139. The statute granting good-time deductions and providing for the release of a prisoner at the expiration of his term, less good time, also pertinently provides that upon such release the prisoner shall be treated as if released on parole, subject to all of the provisions of law relating to the parole of prisoners until the expiration of the maximum term for which he was sentenced, § 4164 of Title 18 U. S.C. And Title 18 U.S.C. § 4205 provides that a parole violator retaken under warrant of the board of parole shall commence the serving of his unexpired term from the date he is returned to custody, "and the time the prisoner was on parole shall not diminish the time he was sentenced to serve." And see Looney, v. Lenz, 10 Cir., 217 F.2d 841.

We have sustained the constitutionality of § 4164 of Title 18 U.S.C. (formerly § 716b) as a constitutional ex-

1. Now 18 U.S.C.A. § 2314.

ercise of legislative authority to limit the curtailment of punishment and to prescribe the conditions for such curtailment. Evans v. Hunter, 10 Cir., 162 F.2d 800. See also Chandler v. Johnston, supra. The conditions of the release are as mandatory as the right to the release itself based upon the statutory good-time deductions. And the incidence of the conditions may not be forestalled by mere dissent of the prisoner. See Hicks v. Reid, 90 U.S.App.D.C. 109, 194 F.2d 327.

Clearly by violation of the conditions of release, Appellant by his own acts curtailed his liberties. He thereby forfeited his good-time allowance of 623 days and is not entitled to have his time at liberty credited to his maximum original sentence.

The judgment is affirmed.