Manuel JOHNSON, Appellant,

v.

Charles H. WARD, United States Marshal for the District of Columbia, Appellee.

No. 15185.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 26, 1960.

Decided March 24, 1960.

Mr. Julius W. Robertson, Washington, D. C., with whom Mrs. Dovey J. Roundtree, Washington, D. C., was on the brief, for appellant.

Miss Doris H. Spangenburg, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty. and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Appellant seeks review of an order of the District Court denying his petition

for a writ of habeas corpus. Basically he had complained that he was being denied the status of a parolee under D.C. Code, § 24–204 (1951) and had been illegally re-arrested as a conditional releasee under 18 U.S.C. § 4164 (1958). The facts are stated in Judge Youngdahl's opinion.[1]

█ Convicted of second degree murder on January 24, 1936, appellant had been sentenced to serve a definite term of imprisonment for thirty years.[2] His offense constituted a crime against the United States so that appellant comes within the provisions of the federal conditional release statute.[3] As a prisoner "convicted of an offense against the United States," appellant became subject to the provisions of 18 U.S.C. §§ 4161–4166 (1958). Pursuant thereto appellant's release became mandatory at the expiration of his sentence, as calculated after crediting him with such good-time deductions as had been earned. Thus, his allowances added to the period already served totaled thirty years as of January 29, 1954 He was thereupon released and is to "be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."[4]

While so conditionally released, appellant on July 8, 1958 was convicted in the Municipal Court for the District of Columbia of charges of attempted procuring and vagrancy. The United States

Board of Parole thereupon issued its warrant, and upon completion of his Municipal Court sentence appellant was taken into custody on January 20, 1959 to abide a hearing before the Board [5] looking to a determination as to whether or not he had violated the terms of his conditional release.

Appellant forthwith filed his petition for writ of habeas corpus alleging that his original sentence of thirty years had been served in full. He argued that he had been unlawfully detained and was entitled to his immediate release. He claimed that an amendment to D.C.Code, § 24–204 (1951) made after he had been sentenced, increased the time during which he might lawfully be treated as a possible parole violator and was therefore unconstitutional as to him.

█ Appellant is mistaken. In the first place, we have specifically found that Congress intended to provide a uniform administration of the federal and the District laws with respect to the control of released prisoners.[6] Next, appellant was a federal prisoner, convicted of an offense against the United States,[7] and had been released in accordance with the requirements of Title 18 U.S.C., supra, not under the District of Columbia parole law, D.C.Code, § 24–204 (1951). Finally, the good conduct deduction provided in D.C.Code, § 24–405 (1951) applies to those sentenced to or imprisoned in a District of Columbia jail or workhouse, as distinguished from

1. Johnson v. Ward, D.C.1959, 171 F.Supp. 26.

2. Compare Anderson v. Rives, 1936, 66 App.D.C. 174, 85 F.2d 673.

3. Story v. Rives, 68 App.D.C. 325, 328, 97 F.2d 182, 185, certiorari denied 1938, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377.

4. 18 U.S.C. § 4164 (1958) is identical to 18 U.S.C § 716b (1940), which qualified 18 U.S.C. § 713 (1940), and was in force at the time appellant was convicted. Compare 18 U.S.C. § 4164 (1958), with 18 U.S.C. § 716b (1940). See Act of June 29, 1932, 47 Stat. 381. Accordingly, there is no merit to appellant's claim that, by being released under 18 U.S.C.

§ 4163 (1958), his rights under 18 Stat. 479, 18 U.S.C. § 713 (1940), were adversely affected.

5. D.C.Code, § 24–206 (1951) provides that the United States Board of Parole shall have and exercise the same power and authority as the Board of Parole of the District of Columbia with reference to a *parolee* who may be returned to a penal or correctional institution other than one maintained by the District of Columbia. And see D.C.Code, § 24–209 (1951) as to federal prisoners.

6. Gould v. Green, 1944, 78 U.S.App.D.C. 363, 141 F.2d 533.

7. Story v. Rives, supra note 3.

those sentenced to a penitentiary. See D.C.Code, §§ 24–401, 24–402 (1951).

Appellant was lawfully taken into custody,[8] and there was no error in discharging the writ.

Affirmed.

**8.** See Hicks v. Reid, 90 U.S.App.D.C. 109, 194 F.2d 327, certiorari denied 1952, 344 U.S. 840, 73 S.Ct. 51, 97 L.Ed. 653; Story v. Rives, supra note 3.