Edward Joseph DOHERTY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16608.

United States Court of Appeals
Ninth Circuit.

June 28, 1960.

**36**

Edward Joseph Doherty, in pro. per.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Charles W. Ballinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before HAMLEY, JERTBERG and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

Edward J. Doherty was sentenced by the United States District Court for the District of Utah to a ten year term of imprisonment on February 17, 1950, but after earning 1,516 days of "good time" (as computed under 18 U.S.C.A. §§ 4161, 4162) while incarcerated, he was given a conditional release from the United States Penitentiary, McNeil Island, Washington, on December 21, 1955 pursuant to the mandatory provisions of Title 18 U.S.C.A. § 4163. Upon such release he was " * * * deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced * * * " and thus subject to provisions of the law relating to parole of federal prisoners. 18 U.S.C.A. § 4164; Hicks v. Reid, 1952, 90 U.S. App.D.C. 109, 194 F.2d 327. However, on March 21, 1958 Doherty was arrested on the warrant of the United States Board of Parole for violating his conditional release and ordered by the Board to return to prison to serve out the entire balance of his term (1,516 days), less credit for whatever future good time he might earn; his present terminal date with allowable good time is December 12, 1960.

On July 7, 1959 Doherty filed a petition for a writ of habeas corpus alleging that he was entitled to release from prison on June 14, 1959. His contention was and is that although he was released from prison, he was at all times "in custody of the Attorney General" while serving out the remainder of his term, and hence the 817 days during which he was at large but in such custody must be credited against the period of his sentence remaining at the time of his release. After issuing an order to show cause and receiving the appellee's return thereon, the District Court entered the order denying relief and dismissing the petition from which this appeal is taken.

Appellant's argument is based upon a construction of 18 U.S.C.A. § 4205 which provides:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

He urges that the portion of the above statute reading that " * * * the time the prisoner was on parole shall not diminish the time he was sentenced to serve" applies only to a prisoner who is in an "escape status" and not to one who, like appellant, has continuously remained in the "custody" of the Attorney General, i. e., that he should not be penalized where he has not been "returned," but in fact has never departed from that custody.[1]

---

[1] By "escape status" appellant is apparently referring to a prisoner who, while on parole, commits a crime for which he is imprisoned by some authority other than that of the United States or who otherwise places himself beyond the actual and immediate custodial reach of the Attorney General, thus becoming, by analogy, an "escaped convict." See Anderson v. Corall, 1923, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247. Although arguing that he was not in an "escape status," appellant does not attempt to explain the basis of his parole violation but casually asserts that such questions are "not relevant to the issues." It

We cannot accept this argument. It is true that when a federal prisoner is conditionally released he is "* * * in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced." 18 U.S.C.A. § 4203. "It must be borne in mind that the legal philosophy underlying the parole law is not a release of the prisoner from all disciplinary restraint but is rather merely 'an extension of the prison walls' * * *." United States ex rel. Rowe v. Nicholson, 4 Cir., 1935, 78 F.2d 468, 469. It is also true that in many cases a parole is violated by the parolee's attempt to conceal himself or by his commission of a crime, and in that sense his situation is similar to that of an "escaped convict." Anderson v. Corall, 1923, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399; United States ex rel. Nicholson v. Dillard, 4 Cir., 1939, 102 F.2d 94. But we have found no authority for appellant's proffered distinction that although parole may be revoked for many reasons, it is only where the prisoner has placed himself in an "escape status" that he has thereby removed himself from the Attorney General's custody and will then, and only then, be required to serve the unexpired term of his original sentence under 18 U.S.C.A. § 4205.

The statutory scheme for releasing and retaking prisoners appears clear and unambiguous. It requires release, as a matter of legislative grace, "* * * upon such terms and conditions * * * as the Board shall prescribe." 18 U.S.C.A. § 4203; Gould v. Green, 1944, 78 U.S.App.D.C. 363, 141 F.2d 533; Freedman v. Looney, 10 Cir., 1954, 210 F.2d 56. When those conditions are broken, the prisoner is retaken by warrant and can thereafter be required to serve out the remainder of his unexpired term, undiminished by the period served on parole. 18 U.S.C.A. § 4205; Chandler v.

Johnston, 9 Cir., 1943, 133 F.2d 139; Van Buskirk v. Wilkinson, 9 Cir., 1954, 216 F. 2d 735; Singleton v. Looney, 10 Cir., 1955, 218 F.2d 526. The emphasis is thus placed on the violation of the conditional release, not on whether the effect of that violation is to remove the prisoner from the "custody" of the Attorney General; nowhere in the statute is there a declaration or even a suggestion that the nature of the violation must be considered in order to determine whether the prisoner shall receive credit for the time served while released. Such distinction is impermissible.

The proposition is well stated in Dolan v. Swope, 7 Cir., 1943, 138 F.2d 301, at page 303:

"In other words, the allowance of the credit for time spent by him outside prison walls in service of his sentence, was conditioned upon continuance of good behavior, and if before expiration of his original sentence he by his own misconduct subjected himself to rearrest, he not only forfeited his good conduct credit for the balance of his sentence * * * but he also forfeited his credit for the time already spent on parole."

This construction is supported by the plain provisions of 18 U.S.C.A. § 4207, which provide, in part, as follows:

"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.

"If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced."

If Congress intended to limit or restrict the power of the Parole Board to require full service of the unexpired term upon

---

occurs to us that if appellant's view of the law were sound that this would be highly relevant and a matter for him to prove. For present purposes, however,

we shall assume that appellant's parole violation, whatever it was, did not place him in the position of an "escapee."

revocation of parole, it would have done so. As this statute presently reads, a prisoner may be required to serve his full term, in the Board's discretion, when parole has been legitimately revoked for *any* violation of the conditions imposed. Appellant does not attack the validity of the Board's revocation, only its effect.

■ Appellant's argument is based upon a basic misconception of the effect of the parole revocation. As shown earlier, one effect of violating parole is to require the prisoner to serve out his remaining sentence. The time begins to run only after a warrant has issued for the retaking of the prisoner and "he is returned to the custody of the Attorney General under said warrant * * *." His return to "custody" does not determine whether he shall be required to serve out his sentence but only when that service shall begin. Consequently the term "custody" can only refer to the immediate physical control of the prisoner, regardless of whether his parole violation has temporarily made him inaccessible to the Attorney General's power by warrant to apprehend and reincarcerate him.

Appellant relies heavily on Ex parte Marcil, D.C.W.D.Wash.1913, 207 F. 809. There the district court allowed credit to a prisoner for good time earned prior to his parole, stating at page 811: "[t]he only penalty provided * * * for the violation of parole is the revocation of the parole, the arrest and return of the prisoner to the institution itself, to serve the remainder of his term." However, that decision was reversed by this court in *Halligan v. Marcil*, 9 Cir., 1913, 208 F. 403; we held that good time earned before parole was forfeited by misconduct causing revocation of parole. Further, we stated then in construing an earlier statute, as we do now with the present statute, that "* * * not only shall the time for which the prisoner was sentenced not be diminished by the time he was out on parole, but * * * he shall serve the remainder of the sentence *originally imposed* * * *." *Halligan v. Marcil*, supra, at page 405.

Thus, the fact that during his parole he is "in the legal custody and under the control of" the Attorney General while serving out his sentence is of no moment here, for once his parole is revoked the statute operates to require service of the entire unexpired term of his sentence and to forfeit the time spent on parole.

Affirmed.