**Rocco DI PIPPA, Petitioner**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.**

No. 403.

United States District Court
M. D. Pennsylvania.
May 22, 1961.

od that he is out on parole. Imprisonment contemplated by Federal law is confinement in fact. Hedrick v. Steele, 8 Cir., 187 F.2d 261, 263; Yates v. Looney, supra [10 Cir., 250 F.2d 956]; Singleton v. Looney, supra [10 Cir., 218 F.2d 526]."

That is the precise issue here.

Accordingly, the application must be denied.

Rocco Di Pippa, petitioner, pro se.

Daniel H. Jenkins, U. S. Atty., Scranton, Pa., for respondent.

FOLLMER, District Judge.

Petitioner, Rocco Di Pippa, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, seeks leave in forma pauperis to file an application for a writ of habeas corpus.

He was conditionally released after having served a portion of his original sentence and having violated his parole, was recommitted. The statute provides that during the period of such conditional release, during which he is on parole, upon revocation of his parole he forfeits good time earned, and may be required to serve the portion of his sentence not previously served. He contends that he is entitled to credit for the period during which he was conditionally released on parole.

In Howard v. United States, 8 Cir., 274 F.2d 100, 103, the Court said:

"Petitioner's claim that he is entitled to credit upon his sentence for the period during which he is released on parole is likewise without merit. A prisoner is not entitled to credit upon his sentence for the peri--