**Robert Chester WEATHERS, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 8467.**

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1966.

H. Michael Miller, Denver, Colo., for appellant.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant's petition for a writ of habeas corpus was denied by the trial court without a hearing, and this appeal was taken.

Appellant is confined at the United States Penitentiary at Leavenworth, Kansas. He was originally sentenced to a five year term for a Dyer Act violation, and was paroled in accordance with the mandatory release statute (18 U.S.C. §§ 4163, 4164) having then been in prison some forty-one months. He was on parole for about twelve months when it was revoked, and he was returned to prison where he has now been for some eleven additional months.

Appellant asserts that while on parole following his mandatory release from prison he was under such severe restrictions on his liberty that in fact he continued to serve his sentence, and counting this time on parole he is thus entitled to release. Appellant points to the conditions which were attached to his parole which need not here be listed, but which we must recognize to be numerous and somewhat onerous. The opinion in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, contains a descrip-

tion of some of these conditions. It is also apparent that appellant's release was mandatory as to both parties concerned in that neither had any choice or discretion in the matter. 18 U.S.C. § 4163. The appellant also points out that the conditions attached to his parole were similarly mandatory in that no choice was afforded to him. 18 U.S.C. § 4163; Singleton v. Looney, 218 F.2d 526 (10th Cir.); Hicks v. Reid, 90 U.S.App.D.C. 109, 194 F.2d 327.

Appellant urges that we should adopt the position expressed in the dissenting opinion in Bates v. Rivers, 116 U.S.App. D.C. 306, 323 F.2d 311. In this dissent the writer regards parole as a device used in the interest of society, and that the authorities thereby choose to have part of the prisoner's sentence served outside as a method of "treatment." He states: "Parole is merely a modern form of exercise of 'custody and control' by the authorities."

Our court has however held, that, for the purposes under consideration, "imprisonment" means confinement in fact, and a sentence is served only by imprisonment or by unrevoked parole. Hunter v. McDonald, 159 F.2d 861 (10th Cir.); Gibson v. Looney, 258 F.2d 879 (10th Cir.). See also Chandler v. Johnston, 133 F.2d 139 (9th Cir.). Hence upon appellant's return to prison, his sentence was resumed with no credit for time spent on the revoked parole. Thus as the statute expressly provides, the unexpired term of his imprisonment began to again run when returned under the warrant for his retaking. 18 U.S.C. § 4205. We have reexamined the arguments to the contrary, but find no reason to change the view expressed in our prior opinions as to the proper construction of the applicable statutes. Such construction does not offend the constitutional provisions relating to due process nor to cruel and unusual punishment as appellant urges.

The issue presented to the trial court was purely one of law.

Affirmed.