**Ray C. STEVENSON, Plaintiff,**

v.

**UNITED STATES of America, Nicholas Katzenbach, U. S. Attorney, et al., Defendants.**

**Civ. A. No. 5139.**

United States District Court
W. D. Michigan, S. D.

Feb. 11, 1966.

Ray C. Stevenson, in pro. per.

Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., for defendants.

STARR, Senior Judge.

Plaintiff Ray C. Stevenson, who is presently confined in the United States penitentiary at Leavenworth, Kansas, has filed a complaint for a declaratory judgment, 28 U.S.C. § 2201 et seq., determining that he has served the full sentence of 25 years imposed on him November 8, 1937, for the armed robbery of a national bank, and that he should imme-

diately be released from prison. Upon his motion and showing by affidavit that he was unable to pay court costs or give security therefor, an order was entered granting him leave to file his complaint and proceed with his action in forma pauperis. The United States attorney has filed a motion to dismiss the complaint.

This proceeding arises out of the following facts: On November 8, 1937, plaintiff Stevenson, having been convicted on jury trial of armed robbery of a national bank, was sentenced by the late Judge Fred M. Raymond to the custody of the Attorney General of the United States for a prison term of 15 years for the offense charged in count 1 of a grand-jury indictment and for a term of 25 years for the offense charged in count 2 of the indictment. The judge provided that the two terms should run consecutively, but on January 18, 1938, amended the sentence by providing that the terms should run concurrently and not consecutively.

In his complaint Stevenson states that on December 18, 1952, he was granted a conditional release from prison and was permitted to go to the city of Detroit, Michigan, where he remained under parole supervision and reported to his parole officer until about August 15, 1957, when he left that city and absconded from parole. A parole-violation warrant was issued, and he was arrested November 24, 1961, and returned to a United States penitentiary to complete the original sentence of 25 years, without credit for good-conduct time he had accumulated prior to his release and without credit for the time he was on conditional release. It appears that Stevenson had originally been confined in the United States penitentiary at Alcatraz, but is now held in the penitentiary at Leavenworth.

In his complaint Stevenson first contends that the sentence of 25 years imposed on him November 8, 1937, automatically expired at the end of 25 years, that is, on November 8, 1962, and that his sentence could not be extended by any agency of the government beyond that date. In his complaint he further contends that as he was in the legal custody of the Attorney General of the United States during the time he was on conditional release, he is entitled to credit on his sentence for that time and is also entitled to credit for the good time he has accumulated since his return to prison. Therefore, he contends that with credit for the time he served in prison prior to his conditional release, and credit for the time he was on parole following his conditional release, and credit for good-conduct time earned since his return to prison, he has completed the sentence of 25 years imposed on him and should be released immediately.

On the other hand, the government contends that when Stevenson was on conditional release from prison he was legally on parole and that when he violated his parole, he forfeited all credit for accumulated good-conduct time and also forfeited credit for the time he was on parole. That is, the government contends that Stevenson must serve the full balance of the 25-year sentence imposed on him without credit for good-conduct time accumulated prior to his conditional release and without credit for the time he was on parole following his conditional release.

Title 18, United States Code, § 4164 provides:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if *released on parole* until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

Title 18, United States Code, § 4205 provides:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the

date he is returned to the custody of the Attorney General under said warrant, and *the time the prisoner was on parole shall not diminish the time he was sentenced to serve."*

In Doherty v. United States, 9 Cir., 280 F.2d 35, the court said:

"Edward J. Doherty was sentenced by the United States District Court for the District of Utah to a ten year term of imprisonment on February 17, 1950, but after earning 1,516 days of 'good time' (as computed under 18 U.S.C.A. §§ 4161, 4162) while incarcerated, he was given a conditional release from the United States Penitentiary, McNeil Island, Washington, on December 21, 1955 pursuant to the mandatory provisions of Title 18 U.S.C.A. § 4163. Upon such release he was ' * * * deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced * * *' and thus subject to provisions of the law relating to parole of federal prisoners. 18 U.S.C.A. § 4164; Hicks v. Reid, 1952, 90 ·U.S.App. D.C. 109, 194 F.2d 327. However, on March 21, 1958 Doherty was arrested on the warrant of the United States Board of Parole for violating his conditional release and ordered by the Board to return to prison to serve out the entire balance of his term (1,516 days), less credit for whatever future good time he might earn. * * *

"He urges that the portion of the above statute reading that ' * * the time the prisoner was on parole shall not diminish the time he was sentenced to serve' applies only to a prisoner who is in an 'escape status' and not to one who, like appellant, has continuously remained in the 'custody' of the Attorney General, i. e., that he should not be penalized where he has not been 'returned,' but in fact has never departed from that custody.

"We cannot accept this argument. It is true that when a federal prisoner is conditionally released he is ' * * * in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced.' 18 U.S.C.A. § 4203. 'It must be borne in mind that the legal philosophy underlying the parole law is not a release of the prisoner from all disciplinary restraint but is rather merely "an extension of the prison walls" * *.' United States ex rel. Rowe v. Nicholson, 4 Cir., 1935, 78 F.2d 468, 469. * * *

"The statutory scheme for releasing and retaking prisoners appears clear and unambiguous. It requires release, as a matter of legislative grace, ' * * * upon such terms and conditions * * * as the Board shall prescribe.' 18 U.S.C.A. § 4203; Gould v. Green, 1944, 78 U.S.App.D.C. 363, 141 F.2d 533; Freedman v. Looney, 10 Cir., 1954, 210 F.2d 56. When those conditions are broken, the prisoner is retaken by warrant and can thereafter be required to serve out the remainder of his unexpired term, undiminished by the period served on parole. 18 U.S.C.A. § 4205; Chandler v. Johnston, 9 Cir., 1943, 133 F.2d 139; Van Buskirk v. Wilkinson, 9 Cir., 1954, 216 F.2d 735; Singleton v. Looney, 10 Cir., 1955, 218 F.2d 526. * * *

"Thus, the fact that during his parole he is 'in the legal custody and under the control of' the Attorney General while serving out his sentence is of no moment here, for once his parole is revoked the statute operates to require service of the entire unexpired term of his sentence and to forfeit the time spent on parole."

■ The courts have repeatedly held that under 18 U.S.C. § 4205, when a Federal prisoner on parole violates the conditions of his parole and is arrested

as a parole violator, he can thereafter be required to serve out the full balance of his unexpired term without credit and undiminished by the period he served on parole. Chandler v. Johnston, 9 Cir., 133 F.2d 139, 142; Van Buskirk v. Wilkinson, 9 Cir., 216 F.2d 735, 738; Singleton v. Looney, 10 Cir., 218 F.2d 526, 528.

In Dolan v. Swope, 7 Cir., 138 F.2d 301, 303, 304, the court said:

"[T]he allowance of the credit for time spent by him outside prison walls in service of his sentence, was conditioned upon continuance of good behavior, and if before expiration of his original sentence he by his own misconduct subjected himself to rearrest, he not only forfeited his good conduct credit for the balance of his sentence * * * but he also forfeited his credit for the time already spent on parole."

In Morneau v. United States Board of Parole, 8 Cir., 231 F.2d 829, 830, the court said in part:

"After his conditional release, Morneau had the status of a parolee for the balance of the duration of the maximum term of his federal sentence. This by virtue of § 4164, Title 18, U.S.C. See Zerbst v. Kidwell, 304 U.S. 359, 360, 58 S.Ct. 872, 82 L.Ed. 1399. * * * In Wipf v. King, 8 Cir., 131 F.2d 33, this Court pointed out that credit for good time is subject to forfeiture for a violation of the terms of a conditional release."

In Sprouse v. Settle, 8 Cir., 274 F.2d 681, 683, 684, the court said:

"The prisoner cannot engage in any legal or moral misconduct while he is on conditional release. And for any such misconduct in which he may engage, while on conditional release, up until the last 180 days of his maximum term or terms of sentence are reached, he is subject to being retaken into custody by Board warrant; having all of his previously earned good time forfeited; and being required to take up the prison-service of his sentence at the point where this had been left off when he was conditionally released."

■ From consideration of the applicable Federal statutes and the many authorities cited, the court concludes: (1) That plaintiff Stevenson's conditional release on December 18, 1952, placed him on parole, subject to all the terms and conditions of parole; (2) that although he was in the custody of the Attorney General of the United States while on parole, by violating his parole in 1952, he forfeited all credit for the good-conduct time he had accumulated prior to his conditional release; (3) that by violating his parole he also forfeited all credit for the time he was on parole; (4) that he is required by law to serve the full, unexpired term of his 25-year sentence imposed November 8, 1937, without credit for the good-conduct time he had forfeited and without credit for the time he was on parole; and (5) that he will be entitled to credit for whatever good-conduct time he may accumulate while in prison following his arrest and return to prison as a parole violator.[1]

■ It may be noted that in his complaint Stevenson expressly waives any right he may have to be present at any hearing or at any action taken on his complaint. However, as his complaint and the government's motion to dismiss present only questions of law, a hearing on the motion is not necessary. The government's motion to dismiss the complaint is granted, and an order will be entered accordingly.

1. For prior actions by Stevenson see Stevenson v. Johnston, D.C., 72 F.Supp. 627, affirmed 9 Cir., 163 F.2d 750, certiorari denied 333 U.S. 832, 68 S.Ct. 459, 92 L.Ed. 1117, rehearing denied 333 U.S. 850, 68 S.Ct. 658, 92 L.Ed. 1132; United States v. Stevenson, D.C.W.D.Mich., filed June 15, 1961 (not published), affirmed 6 Cir., 194 F.2d 541.