**William H. YOUNG, Petitioner,**

v.

**DIRECTOR, U. S. BUREAU OF PRISONS et al., Respondents.**

**Civ. A. No. 9765.**

United States District Court
M. D. Pennsylvania.

Jan. 13, 1967.

Appeal Dismissed April 10, 1967.
See 87 S.Ct. 1300.

William H. Young, pro se.

David G. Bress, U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM

FOLLMER, District Judge.

William H. Young, a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, filed a document entitled "Motion for Declaratory Judgments, or

in Alternative Summary Judgment," in forma pauperis, in the United States District Court for the District of Columbia. By Order dated July 11, 1966, that Court granted the defendants' motion to dismiss. Young appealed, and the Court of Appeals for the District of Columbia directed that the judgment be vacated and that the case be transferred to the Middle District of Pennsylvania. Young v. Director, U. S. Bureau of Prisons, 367 F.2d 331 (D.C. Cir. 1966). The case has been transferred to this court and will now be considered on its merits.

On July 30, 1952, Young was sentenced by a United States Military Court to serve fifty years imprisonment on his conviction of murder. This sentence has been progressively reduced by clemency to a period of 18 years. He was released on parole on January 25, 1962. On June 2, 1965, Young was arrested under a parole violator's warrant.[1] In this case he is claiming that he has completed service of his term of imprisonment. The essence of Young's claim is that after revocation of his parole and return to the federal penitentiary, he was entitled to have credited against his sentence the time during which he was on parole, because he was in constructive custody of the Attorney General of the United States.

■ This precise point was dealt with by this court in Di Pippa v. Willingham, 199 F.Supp. 733, 734 (M.D.Pa. 1961), aff'd. 296 F.2d 730 (3d Cir. 1961), wherein it is stated that a prisoner is not entitled to credit upon his sentence for the period that he is out on parole. See also: Weathers v. Willingham, 356 F.2d 421 (10th Cir. 1966); Hodge v. Markley, 339 F.2d 973 (7th Cir. 1965), cert. denied 381 U.S. 927, 85 S.Ct. 1564, 14 L.Ed.2d 685 (1965); Van Horn v. Maguire, 328 F.2d 585 (5th Cir. 1964); Stevenson v. United States, 250 F.Supp. 859 (W.D.Mich.1966); Nace v. United States, 231 F.Supp. 528 (D.Minn.1964), aff'd. 334 F.2d 235 (8th Cir. 1964). "Sentence can be served only by impris-

onment or by unrevoked parole." Postelwait v. Willingham, 365 F.2d 759, 760 (10th Cir. 1966). Any further discussion is not warranted since it is obvious that any further proceedings would be futile.

Accordingly, the "Motion for Declaratory Judgments, or in Alternative Summary Judgment" will be dismissed.

---

1. See Young v. Parker, 256 F.Supp. 1002 (M.D.Pa.1966) wherein this Court held that the Parole Board was justified in revoking Young's parole.