**Michael P. COSGROVE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13716.**

District of Columbia Court of Appeals.

Submitted Oct. 17, 1979.

Decided Jan. 24, 1980.

Edward S. Fitzgerald, Washington, D. C., appointed by the court, was on the brief for appellant.

Carl S. Rauh, U. S. Atty., Washington, D. C., at the time the brief was filed, and John A. Terry, Michael W. Farrell, and Mark J. Biros, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

The appellant, Michael P. Cosgrove, is serving a sentence in a federal prison for the conviction of assault and possession of a prohibited weapon in violation of D.C.Code 1973, §§ 22–502, 22–3214. He filed a pro se motion, treated as a motion to vacate or correct sentence under D.C.Code 1973, § 23–110, alleging disparate treatment in his parole eligibility from that of other D.C. Code violators of the same offenses who are placed in penal institutions of the District of Columbia. In view of the substance of the appellant's pro se motion, we conclude that it was inappropriately treated as a motion to vacate or correct sentence under D.C.Code 1973, § 23–110. The trial court order denying the appellant's motion is vacated. The case is remanded with instructions that the appellant's petition, or such amended pleadings that he or his counsel may appropriately file, be treated as a civil action challenging the appellant's classification as a prisoner under the jurisdiction of the United States Parole Board.

After Mr. Cosgrove's conviction for the assault and the possession of the prohibited weapon, he was given a sentence of eigh-

teen to forty-eight months for the assault and a consecutive six-month sentence for the possession of the weapon. Execution of the sentences was suspended and he was placed on probation. His probation was subsequently revoked when he was convicted of new offenses. Upon revocation of his probation, the trial court ordered execution of the previously imposed sentence and recommended incarceration by the Attorney General in a federal institution. On January 24, 1978, upon motion, Mr. Cosgrove's minimum sentence was corrected, reducing it to sixteen months. On February 14, 1978, the United States Parole Commission denied Mr. Cosgrove parole based upon the guidelines promulgated by the Commission. This decision was upheld on appeal by the National Appeals Board.

The appellant also sought redress of his denial of parole by filing a pro se motion with the Superior Court of the District of Columbia which was inartfully denominated as a Motion to Correct Sentence. The gravamen of his attack on his sentence is contained in paragraph (4) of his motion. He alleges that because he is incarcerated in a federal prison and subject to federal parole standards, he will be eligible for parole at a substantially different time than if he was incarcerated in a District of Columbia institution and considered for parole under the applicable standards of the District of Columbia Parole Board. The appellant argues that such disparate parole eligibility treatment of District of Columbia offenders is a deprivation of his constitutional due process and equal protection rights.* The trial court denied Mr. Cosgrove's motion on the basis that his sentence had been corrected in the court's Amended Judgment and Commitment Order and that "[a]ny further action by this Court in the matter of defendant's parole would be beyond the power or jurisdiction of the Court since it is unable to interfere in the decisions of the Federal Parole Board."

Upon consideration of Mr. Cosgrove's motion and the briefs submitted by counsel, we ordered the government to show cause why the appellant's motion should not be treated as a complaint challenging his classification as a prisoner under the jurisdiction of the United States Parole Board instead of a motion to vacate his sentence. We have reviewed the government's response to this order and are unconvinced by their argument that matters of convenience, improper designation of the parties or the other available options to Mr. Cosgrove should restrain the trial court from considering the substance of the appellant's claim. Crucial to this holding is the fact that Mr. Cosgrove has presented his petition pro se. He cannot be expected to know the details of the art of pleadings and consequently a more relaxed view of pro se pleadings is required.

---

* The appellant cites several cases in support of the proposition that equal protection and due process are applicable to classifications affecting parole eligibility. For example: *Cardaropoli v. Norton*, 523 F.2d 990 (2d Cir. 1975) (rudimentary due process attaches to classification of prisoners as special offenders because classification affects various prisoner activities, including early parole); *Hoitt v. Vitek*, 361 F.Supp. 1238 (D.N.H.1973), aff'd, 495 F.2d 219 (1st Cir. 1974), aff'd, 497 F.2d 598 (1st Cir. 1974), aff'd sub nom. *Laaman v. Vitek*, 502 F.2d 1158 (1st Cir. 1973) (granting of parole involves due process implications); *Bracey v. Hill*, 11 F.Supp. 148, 149 (M.D.Pa.1935) (persons incarcerated in federal or District of Columbia institutions must be accorded the same privileges of parole).

Further case support for the appellant's assertions may be found in: *Dobbs v. Neverson*, D.C.App., 393 A.2d 147, 154 (1978) (equal protection requires that a D.C. violator, incarcerated in a D.C. penal institution and transferred to a mental hospital, is entitled to the same good time credits under 18 U.S.C. § 4241, as a D.C. violator incarcerated in a federal institution); *Goode v. Markley, Warden,* 195 U.S.App.D.C. 391, 603 F.2d 973 (1979) (a liberty interest may be involved in an unlawful denial of parole consideration). But compare *Johnson v. Ward,* 107 U.S.App.D.C. 365, 278 F.2d 245 (1960) (person convicted of a federal offense was subject to federal parole laws); *Story v. Rives,* 68 U.S. App.D.C. 325, 97 F.2d 182 (1938) (District of Columbia prisoners may be incarcerated in federal institutions and are subject to federal parole board jurisdiction; and *Currey-Bey v. Jackson,* 422 F.Supp. 926, 932 (D.D.C.1976) (an offender initially incarcerated in D.C. prisons has no justifiable expectation that he will be considered for parole by D.C. parole board since he can be placed in either a federal or District of Columbia prison).

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The trial court order is vacated and the case is remanded for further proceedings.

*So ordered.*