James ROSEMOND, Appellant,

v.

Salanda V. WHITFIELD, Administrator,
Central Facility, Lorton
Reformatory, Appellee.

No. 82–1235.

District of Columbia Court of Appeals.

Argued Oct. 27, 1983.

Decided December 15, 1983.*

---

\* This opinion was originally released as a Memorandum Opinion and Judgment on December 15, 1983. The court granted appellee's motion for publication.

R. Scott Goldman, Washington, D.C., appointed by this court, for appellant.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Washington, D.C., at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before KERN, FERREN and PRYOR, Associate Judges.

PER CURIAM:

Appellant filed *pro se* a petition for a writ of habeas corpus challenging the lawfulness of serving the remainder of his sentence after violating his District of Columbia parole.

The record reflects that the trial court in 1978 imposed a sixteen-month to four-year sentence upon appellant for unauthorized use of a vehicle and receiving stolen property. Such sentence would have been fully served in August 1981. In February 1979, he was released on parole. Thereafter, in 1980, appellant was arrested in Virginia and subsequently upon his plea of guilty was sentenced to imprisonment by the Virginia court. In June 1982, appellant was paroled from service of his Virginia sentence and immediately taken into custody for violation of his District of Columbia

parole and commenced serving the remainder of his sentence.[1]

In his *pro se* petition to the trial court appellant alleged that the Parole Board, a part of the Executive Branch, had impinged upon the Judicial Branch in violation of the constitutional mandate of separation of powers, by retaking him into custody and forcing him to serve the remainder of his sentence. The trial judge denied the petition—quite properly in our view—upon the authority of D.C.Code §§ 24–205, –206 (1981).[2]

Appellant now makes two contentions. First, he asserts that at the time he pleaded guilty to the Virginia charges, he believed (based on alleged representations by the District of Columbia Parole Board), that while serving his Virginia sentence, he would be concurrently serving the time remaining on his District of Columbia sentence; and that these representations by the Parole Board and the Board's subsequent delay in issuing the warrant until after his sentencing in Virginia, combined to induce him to plead guilty. However, there is nothing in the record to show that the District's officials improperly induced appellant to enter a plea of guilty in the Virginia court. In any event, this matter can be properly addressed only by the sentencing court rather than this court. *Mock v. United States Board of Parole*, 120 U.S.App.D.C. 248, 345 F.2d 737 (1965).

Appellant's other contention is grounded upon his assertion that the Board's action of retaking him in custody for violation of his parole violated his Fifth Amendment guarantee to Equal Protection. Specifically, he points to the fact that as a parolee from his District of Columbia sentence he was subject to supervision by the Board up until the very date he would have served his full sentence; whereas, in contrast, one who is never granted parole would *not* be

---

1. The District of Columbia Board of Parole issued a parole violator's warrant for appellant in June 1981 and the Virginia authorities accepted it as a detainer against appellant who was serving his Virginia sentence.

2. Appellant's complaint on appeal that the court failed to consider and determine his constitutional argument, *viz.,* a violation of the separation of governmental powers, is therefore wholly without merit.

subject to supervision by his parole board during the last 180 days of his full sentence. Appellant argues that there is simply no rational basis for the Board treating him, as a parolee, differently from a defendant who serves his sentence and must be mandatorily released.[3]

We have recognized that even under Equal Protection principles "a state retains broad discretion to classify as long as its classifications have a reasonable basis." *Wilson v. District of Columbia,* 338 A.2d 437, 438 (D.C.1975). We conclude that there is a reasonable basis for the dissimilar treatment of the parolee and the mandatory releasee.[4]

The United States Court of Appeals for the District of Columbia Circuit has had occasion to examine and spell out the congressional objective in permitting those who are released mandatorily to be without supervision of the Parole Board during the last six months of their full term sentence. *Birch v. Anderson,* 123 U.S.App.D.C. 153, 358 F.2d 520 (1965). The court noted (358 F.2d at 524) the statement in the House Report in the applicable legislative history[5] that "[w]ith only a short time remaining [of the full term sentence] to be served nothing more can be done for the individual prisoner by way of rehabilitation and his return to custody [for conduct violative of the terms of a parole release] for this relatively short time serves only to aggravate his resentment against society and makes it more difficult for him to adjust himself when finally released."

The federal appellate court further noted (at 526) the position of the parole authorities: that "[t]he Parole Board felt that it must reallocate its resources and concentrate where the most good could be done. The House Report classifies [those never paroled but released from supervision six months before expiration of their full sentences] ... as the 'least hopeful group.' " Thus, the court found a clear intent on the part of Congress to reduce the administrative burden by eliminating the group who would least benefit from supervision or revocation so close to the end of their full term sentences.

Apart from this legislative history, it appears eminently reasonable to classify a parolee differently from the releasee. The releasee, being released only after serving his full sentence (less good time), is not placed on parole and there is thus no reason for supervision, while the parolee, who obtains the benefit of release prior to serving his full sentence, should as a *quid pro quo* be subject to supervision until the completion of his sentence.

■ We are satisfied under these circumstances that there is a "reasonable basis," *Wilson v. District of Columbia, supra,* for the District of Columbia to discontinue supervision by its Parole Board over persons never released on parole but rather released mandatorily 180 days before expi-

---

3. A "mandatory releasee" is a "prisoner [who] having served his term ... less good time deductions, shall upon release, be deemed as if released on parole until the expiration of the maximum term ... imposed, less 180 days." 9 DCRR § 100(f).

4. Appellant also argues (Brief at 9) that "denying ... [him] the ability to gain unconditional freedom under the 180 day rule amounts to an infringement of a fundamental right." If a governmental classification impermissibly interfers with a fundamental right guaranteed by the Constitution, then of course such classification is subject to strict scrutiny and the government must show there is a compelling need to so classify. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1975). However, what appellant deems to be a "fundamental right", *viz.,* freedom from supervision by the Board during the last 180 days of his sentence, has never been recognized as one of the fundamental rights requiring a strict scrutiny analysis. (*See Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Williams v. Rhodes,* 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968); *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); *Bullock v. Carter,* 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1969); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973)). Thus, we need only determine whether there is a "rational" basis for *not* continuing Parole Board supervision over a so-called mandatory releasee.

5. H.R. REP. No. 314, 82nd Cong., 1st Sess. (1951).

ration of their full sentences.[6] Accordingly, we reject appellant's argument that he has been the victim of a classification constitutionally impermissible under the Fifth Amendment and was therefore entitled to release.

Accordingly, the order on appeal herein is affirmed.

*So ordered.*

---

**6.** Although the court in *Birch v. Anderson,* analyzed 18 U.S.C. § 4164 and we are dealing with 9 DCRR § 100(f), the language of the statute is identical to the language of the regulation. Hence, we deem that decision persuasive in our review of the instant case. Furthermore, the United States Court of Appeals for the District of Columbia Circuit has "specifically found that Congress intended to provide a uniform administration of the federal and the District laws with respect to the control of released prisoners." *Johnson v. Ward,* 107 U.S.App.D.C. 365, 366, 278 F.2d 245, 246 (1960).